The Overseers
of SHERBURNE
*v.*
The Overseers
of NORWICH.

The Overseers of the Poor of the Town of SHERBURNE *against* The Overseers of the Poor of the Town of NORWICH.

Where a person is elected constable of a town, and enters upon the duties of his office, but before the expiration of the year, removes from the town, and does not afterwards act as a constable, except occasionally coming to the town to collect his fees, and settle his old accounts, but no constable is appointed in his place for the remainder of the year, this is not such an execution of a public annual office, *during one whole year*, as to gain him a settlement in the town of which he was constable, within the *act for the relief and settlement of the poor*. Sess. 36. c. 78. s. 2. (1 *N. R. L.* 279.)

IN ERROR, on *certiorari* to the Court of General Sessions of the Peace of the county of *Chenango.*

The paupers, *George G. King* and his wife and children, were removed from the town of *Norwich* to the town of *Sherburne,* by the order of two justices; and on an appeal from this order by the overseers of *Sherburne,* it was affirmed by the Court of Sessions.

The pauper, *King,* had previously acquired a settlement in the town of *Bloomfield,* in the county of *Ontario,* by the purchase of a freehold estate. In the winter of 1816, he, removed to *Sherburne ;* and in *March* following, was duly elected a constable of that town, took the oath of office, and resided and acted as constable there, until the 18th of *December,* in the same year, when he, was imprisoned in the gaol of the county, at *Norwich,* for thirty days, on an execution issuing out of a Justice's Court. On the 18th of *January,* 1817, the day after his release from gaol, he removed his family to *Norwich,* where they resided about six months, until they were removed back to *Sherburne,* by virtue of the order now in question. After the pauper came to reside at *Norwich,* he did no act as constable of *Sherburne,* except that he occasionally went to *Sherburne* to collect his fees, and to settle his old accounts as constable ; and, in one instance, he procured an old execution to be renewed, and demanded his fees upon it. No other constable was appointed or elected in his place, for the remainder of the year, after he removed from *Sherburne.*

*Per Curiam.* The only question is, whether the pauper had, within the spirit and meaning of the statute, executed any public annual office or charge, in the town of *Sherburne, during one whole year.* (*Act for the relief and settlement of the poor,* sess. 36. c. 78. s. 2  ·1 *N. R. L.* 279.)

Under the circumstances of this case, we are of opinion, <span>NEW-YORK,</span> that in the true sense of the statute, *King* cannot be consi- <span>May, 1819.</span> dered as executing the office of constable in the town of <span>JACKSON</span> *Sherburne*, after he removed his family, and went to reside <span>v.</span> in *Norwich.* The year was, therefore, not complete, and <span>GARNSEY.</span> his last legal settlement was in *Bloomfield.*

Order quashed.