CHARLES G. PHILBROOK & *als., in equity, versus* ELIZA
DELANO, *adm'x, & als.*

An absolute deed, which purports to be given for a good and valuable consideration, carries with it the presumption that the grantee holds the land conveyed to his own use, and this presumption cannot be rebutted by parol evidence.

No trust, of which a court of equity can take cognizance, results merely from the want of consideration for a deed.

*It seems,* a bill, which alleges that land conveyed by such a deed was taken in trust by the grantee, need not set forth the manner in which the trust is to be proved; and that, therefore, a demurrer to a bill, because it does not contain such allegations, may be set aside to let in proofs of the trust.

Mere want of consideration will not create a resulting trust.

The English doctrine of a lien upon an estate, (which has been sold and conveyed,) for the payment of the purchase money, has never been admitted in this State, and is unsuited to our condition.

*W. P. Fessenden,* for plaintiffs.

The stat. chap. 9, § 31, R. S. page 374, does not apply, because it has no reference to trusts then existing.

On the main point, I cite *Unitarian Soc.* v. *Woodbury,* 2 Shepl. 281; 7 Gill & Johns. 157; 25 Maine, 354; *Botsford* v. *Keble,* 12 Ves. 74; *Hanley* v. *Sprague,* 20 Maine, 431; *Miller* v. *Pearce,* 6 Watts & Serg. 97; *Rutledge's Adm'r* v. *Smith's Ex'rs,* 1 McCord's Ch. 119; 2 Story's Eq. p. 442, § 1199, note, particularly what is said as to a *lien* on the estate sold, for the consideration *stated* in the deed; Story's Eq. p. 444, § 1201.

The case in 2d Shepley, applies to all the points raised, both as to general principle, and the correctness of seeking a remedy against the administratrix.

*J. Shepley,* for defendants.

Upon the facts stated in the bill, there is no such trust, which may "arise or result by implication of law," as makes it the duty of the Court to compel the defendants to convey to the plaintiffs the estate, which descended to these children from their father. R. S. c. 91, § 31, and c. 96, § 10, as to the authority by statute.

Philbrook v. Delano.

Parol testimony not admissible to vary the terms of a deed or contract in writing, in equity more than at law. *Elder* v. *Elder*, 1 Fairf. 80; *Brown* v. *Haven*, 3 Fairf. 179; *Eveleth* v. *Wilson*, 15 Maine, 111.

Nor is it competent for the plaintiffs, under the name of a resulting trust, to give to the deed, by parol proof, a meaning and effect directly contrary from what the terms of the deed import, to make, by parol proof, a deed to the grantee and his heirs, in fact, a deed to the wife and children of the grantor, no consideration being paid by any one. 4 Kent's Com. (3d Ed.) 306, 308, 309; *Jackson* v. *Moore*, 6 Cowen, 706; *Buck* v. *Pike*, 2 Fairf. 24, respecting resulting trusts. *Thomaston Bank* v. *Stimpson*, 21 Maine, 197; *Bryant* v. *Mansfield*, 22 Maine, 360; *Wilton* v. *Harwood*, 23 Maine, 131; *Marston* v. *Humphrey*, 24 Maine, 514; *Cowan* v. *Wheeler*, 25 Maine, 267; *Botsford* v. *Burr*, 2 Johns. Ch. 405; *Hopkins* v. *Mazyck*, 1 Hill's Ch. 242. And from Barbour & Harrington's Dig. without seeing the cases, *Tubman* v. *Anderson*, 4 Har. & McHenry, 357; *Vick* v. *Flowers*, 1 Murphy, 321. *Hickman* v. *Grimes*, 1 A. K. Marsh. 87; *Leman* v. *Whitley*, (English case,) 4 Russ. 423.

The objection here made may be taken advantage of on demurrer. If the bill, as presented, does not exhibit a case for the interference of a court of equity, it will be dismissed on demurrer. *Reed* v. *Johnson*, 24 Maine, 322; *Chase* v. *Palmer*, 25 Maine, 341; *Woodman* v. *Freeman*, ib. 531.

And it is not enough to allege, merely, that a conveyance of land by an absolute deed from a third person to the defendant, was made in trust for the plaintiff. It should appear, that the conveyance was made in trust expressly or by implication; and if by implication, such facts should be stated, as would clearly show it to have been so made. *Rowell* v. *Freese*, 23 Maine, 182.

SHEPLEY, C. J. — The plaintiffs by this bill seek to obtain a conveyance of certain real estate alleged to have been convey-

ed and held in trust. The defendants have demurred to the bill. A material question presented is, whether such a trust, as this Court can enforce, is set forth in the bill.

The substantive charge made in the bill is, that Samuel Philbrook, since deceased, conveyed to Ebenezer Delano, the father of his wife, on February 4, 1838, an estate described, without any consideration, but for the express purpose of keeping the property safe for the use of his wife and children. That Delano received and held the estate in trust for the wife and children of the grantor, and died after the decease of the grantor and his wife, without making a conveyance of it. There is no allegation in the bill, that any trust was exhibited or declared by the deed of conveyance; or that any written declaration of trust was made or could be proved, by which the grantee could be charged with the execution of a trust. It may not be necessary, that the bill should set forth the manner, in which the alleged trust is to be established by proof. The demurrer might therefore be overruled, to permit any written evidence or declaration of trust to be introduced. But no suggestion is made in the arguments, of the existence of any such proof; and the case has been presented for decision upon the position assumed, that no such proof can be made. No other than a resulting trust, can therefore be established. It is not alleged in the bill, or contended in argument, that a resulting trust can arise, or be implied, or proved, unless one can be inferred, from the facts stated in the bill and admitted by the demurrer.

There are no facts stated in the bill, out of which such a trust can arise, or be implied, unless it be the allegation, that the conveyance was made without any consideration. It is well settled, that a mere want of a consideration will not of itself create a resulting trust. If the doctrine be admitted, that, when a conveyance of an estate is made without any consideration named, or declared in the deed to have been paid, a resulting trust arises by implication, that the grantee holds the estate for the benefit of the grantor, this will not be

Philbrook v. Delano.

sufficient to sustain the bill. The allegation is not, that the conveyance was made without any consideration expressed in the deed as received, but without any consideration paid. When a conveyance purports to have been made for a good or valuable consideration paid by the grantee, the presumption of law is, that the estate is held by him for his own use. This presumption cannot be rebutted by parol evidence. If in such case, parol evidence were admitted to establish a trust for the benefit of another, it would destroy all confidence in titles. All valuable property in the grantees might be annihilated, and they be converted into trustees, holding estates for the benefit of others by parol testimony showing, that no consideration was in fact paid. Among the very numerous cases sustaining this position, is that of *Leman* v. *Whitley*, 4 Russell, 423. The plaintiff in that case, conveyed to his father by deeds of lease and release, a certain estate for the expressed consideration of four hundred pounds paid. The bill alleged, that the estate was thus conveyed by the advice of an attorney, so that the father could raise money by a mortgage of it, for the use of his son. That no part of the consideration named in the deed was paid. That the father died without having raised the money, or made any conveyance; and that he devised all his real estate by general words. The prayer of the bill was, that the devisees of the father might be decreed to be trustees of the plaintiff. The master of the rolls said, "there is no pretence of fraud." "There is here no trust arising or resulting by the implication or construction of law." "Unfortunately there is here no evidence in writing, which is inconsistent with the fact, that the father was the actual purchaser of the estate; and it does appear to me, that to give effect to the trust here, would be in truth to repeal the statute of frauds." The facts alleged in the bill had been admitted or established by parol testimony.

The late Mr. Justice Story, speaking of this case, [2 Story's Eq. § 1199, note 2,] observed, it "stands upon the utmost limits of the doctrine of the inadmissibility of parol evidence as to resulting trusts." He did not assert, that it stood with-

out the true limits of that doctrine.˙ It appears to rest upon principles well established, and to be in accordance with numerous decisions, which have been made and acted upon in that country, as well as in this and other States.

These remarks are not applicable to any conveyance tainted with fraud. No fraud is alleged in the present case.

The counsel for the plaintiffs relies upon decisions made by this Court.

In the case of the *Second Unitarian Society* v. *Woodbury*, 14 Maine, 281, the answer of the administrators of the grantee admitted the trust ; and the heirs at law of the grantee were defaulted, which by our law is an admission of the plaintiff's case as stated.

In the report of the case of *Hanley* v. *Sprague*, 20 Maine, 431, it is stated that the statute of frauds was not interposed as a defence. The decision appears to have been made as much upon the ground of fraud as of trust.

Whatever may be the impression respecting the correct application of the rules of law to the facts proved or admitted in these cases no doctrines are asserted, which are inconsistent with those now presented.

In the case of the *Methodist Chapel Corporation* v. *Herrick*, 25 Maine, 354, the opinion states, that much of the testimony was inadmissible. The bill was dismissed.

If he must fail upon this aspect of the case, the counsel for the plaintiffs presents it as a lien upon the estate conveyed, for the amount of the purchase money unpaid. In the case of *Leman* v. *Whitley*, there appears to have been a decree establishing such a lien. The report of that case does not show how the bill was framed. In this case, the bill is not prepared to present a claim to enforce a lien upon an estate actually sold. Such a claim would seem to be inconsistent with the case as presented.

The doctrine of a lien upon an estate sold and conveyed, for the payment of the purchase money, has never been admitted in this State. Such a doctrine may be unobjectionable in a country, where the lands have been cultivated for a great

length of time, and where the change of property is comparatively infrequent. But in this State, where so great a portion of them are uncultivated, and where titles are subject to such constant change, the doctrine would be so unsuited to the actual condition of things, as to act unfavorably if not oppressively upon our citizens.

The policy of our law is opposed to that of Great Britain in this, that it encourages the distribution of estates and property among all the people ; and any rule of law suited to restrain it, cannot be received as a part of our law merely, because it has been long the established law there.

In this State, the public registry is designed to exhibit to all persons the state of the title, while in that country such means of information have not existed except to a limited extent. To admit such a lien, would tend greatly to diminish the confidence held out by the law, as fitting to be reposed in such records. The case of *Manley* v. *Slason*, as reported in the Law Reporter, for November, 1849, decided by that highly respectable Court, the Supreme Court of Vermont, admitting the doctrine to be applicable in that State, has failed to convince this Court, that it is or ought to be the law in this State.

*Bill dismissed with costs.*