Nov. Term,
1856.

BARNARD
v.
FLINN.

*D. C. Chipman*, for the State.

---

BARNARD and Others *v.* FLINN and WIFE.

Interrogatories filed under section 303, p. 97, 2 R. S. 1852, consistent with its provisions, and supported by affidavit showing that they are filed in good faith and not to procure delay, must be answered; and where a party so interrogated has concealed himself, or absconded to parts unknown, the party filing interrogatories will not be required to show that his testimony could probably be procured.

If the cause should be delayed to obtain answers, the interrogating party will not generally be compelled to execute an undertaking with surety, as in case of an injunction.

When a contract is complete—all being done that was proposed to be done in committing it to writing—and no trust is declared, parol evidence is not admissible to change an absolute conveyance into a trust;

but it seems that where the contract stipulated for is not completed, on account of the intervention of fraud, accident, or mistake, a trust may be proved by parol.

Nov. Term,
1856.

BARNARD
v.
FLINN.

Saturday,
November 29.

APPEAL from the *Morgan* Circuit Court.

GOOKINS, J.—This was a bill in chancery by *Flinn* and wife against *Sarah J. Barnard*, widow and administratrix of *Benjamin F. Barnard*, deceased, and *Ann E.* and *Dora F.*, infant heirs of said deceased, of whom the said *Sarah J.* was also guardian at law. The case made by the bill is as follows:

The plaintiffs were confined in the jail of *Morgan* county on a charge of felony. From the answer and proofs it appears that they were charged with murder. For the purpose of raising money to aid in their defense, they agreed with said *Benjamin F. Barnard* to convey to him certain lands, the title to some of which was in *Flinn*, and of other portions, the fee was in his wife. The object of this conveyance was to enable *Barnard* to sell the lands to raise money for the grantors. It was at first proposed that *Barnard* should execute notes for the consideration-money; but *Barnard* objecting to this, it was agreed that he should execute an agreement in writing, stating the object for which the lands were conveyed to him. On the 6th day of *June*, 1851, they executed conveyances to *Barnard* for the lands, the consideration mentioned in the deeds being 1,250 dollars, no part of which was ever paid. He neither executed the notes for the consideration, nor any agreement stating the object of the conveyance to him. A few days after the execution of said conveyances *Barnard* was suddenly attacked with cholera and died; and said *Sarah J.*, as the widow and administratrix of the deceased, and as guardian of his infant heirs, had taken possession of the lands, and had received the rents and profits. The plaintiffs had demanded possession of the lands and an account of the rents and profits, which were refused.

Prayer that the deeds be set aside; for a re-convey-

ance of the land; for an account and payment of the rents and profits; for an injunction, and general relief.

The answer of *Sarah J. Barnard* admits the conveyances, and alleges that they were upon a valuable consideration fully paid; that *Flinn* and wife at the time of the conveyances were confined in prison on a charge of murder; that soon after the conveyances were made *Flinn* broke jail and escaped, and still remains a fugitive from justice; that he was fully able to employ counsel for his defense without sacrificing his property; admits the death of *Barnard*, and her appointment as administratrix of his estate and guardian of the children. All the other allegations of the bill are denied.

On behalf of the infant defendants, a guardian *ad litem* was appointed, who filed the common answer.

To the answer of *Sarah J. Barnard* a replication was filed.

At the *May* term, 1853, of the *Morgan* Circuit Court, which commenced after the R. S. of 1852 were in force, the Hon. *James Hughes*, judge of that Court, having been of counsel in the cause before his election as such judge, the defendants objected to the trial of the cause before him, in consequence of his interest as counsel, whereupon a special term of said Court was ordered to be held on the 27th day of *June* following, and the Hon. *John Cowgill*, judge of the *Putnam* Common Pleas, was appointed to hold said term, and this cause was set down for hearing at said special term, at which time the cause was tried before judge *Cowgill*.

There was a finding and judgment for the plaintiffs according to the prayer of the bill, and a new trial refused.

It is assigned for error, that judge *Cowgill* had no jurisdiction to try the cause; because the trial was not appointed to be held within thirty days after the service of process, as directed by the 2 R. S. p. 5, s. 3. We have heretofore decided that that statute was merely directory, and that a special term appointed to be held more than thirty days after service of process, was au-

thorized. *Murphy* v. *Barlow*, 5 Ind. R. 230; *Ketcham*
v. *New Albany and Salem Railroad Co.*, 7 Ind. R. 391.

The defendant, *Sarah J. Barnard*, filed in the Circuit Court the following interrogatories propounded to the plaintiff, *Hiram Flinn*, which she prayed that he might be compelled to answer:

"Did not *Benjamin F. Barnard*, at the time of your escape from the jail of *Morgan* county, *Indiana*, in *June*, 1851, pay you the full consideration-money for the land deeded in said jail, by yourself and wife to said *Barnard*, being the land described in bill of plaintiffs? Also state amount paid you at any time for said lands."

In support of the interrogatories she filed an affidavit stating that she verily believed the purchase-money for said lands had been fully paid by her deceased husband to the said *Hiram*; that she knew of no witness by whom the payment could be proved, except by him; that she was desirous of getting his evidence in her behalf; that she had reason to believe that his whereabouts was known to his counsel in that suit; wherefore she prayed that proceedings might be stayed until *Flinn's* counsel should disclose his place of residence, and his evidence be taken either upon interrogatories or on commission. She further stated that she verily believed she had just merits in her defense; that she had not before attempted to get the evidence of said *Flinn*, on account of her belief in the futility of such attempt, said *Flinn* having absconded to parts unknown to her, in *June*, 1851, before the commencement of this suit; that she had recently learned that the residence of *Flinn* was known to the counsel of the plaintiffs, or one of them; and that she desired to have his evidence in support of the defense in said suit.

On the filing of the interrogatories and affidavit, the plaintiffs moved the Court, in case the cause was delayed to obtain an answer, that the defendants be required to execute an undertaking with surety, as in case of an injunction, upon which the defendants informed the Court that they declined giving such undertaking

with surety, and insisted that the interrogatories be answered without giving the same; upon which the Court ruled that, unless the defendants would inform the Court, on or before the calling of the cause on the following day, that there was some probability that the answer of said *Hiram Flinn* could be procured within a reasonable time, the cause would not be continued for the reasons set forth in the affidavit. To this ruling the defendants excepted.

The 2 R. S. p. 97, s. 303, provides that either party may propound interrogatories, to be filed with the pleadings, relevant to the matter in controversy, and require the opposite party to answer the same under oath. All interrogatories must be answered by the time limited, positively and without evasion, and the Court may enforce the answer by attachment or otherwise.

The defendants' motion, on the filing of the interrogatories and affidavit, was that one of the plaintiffs should be required to answer them; and one effect of the motion was, that the cause should stand continued until the answer should come in. We think the Circuit Court ought to have required them to be answered. The inquiries were pertinent: the affidavit set forth a full defense, and showed the necessity of this testimony. Instead of ordering the plaintiff to answer, the Court required of the defendants to show that they could probably procure this testimony. This was putting the burden upon the wrong shoulder. *Flinn* had a case in Court; he was there by his counsel; and it was his businesss to be prepared to comply with any proper order of the Court which might be made in the progress of the cause—an obligation which he could not be permitted to evade by absconding or concealing himself.

Some abuses were at first practiced under this statute, by setting up feigned defenses when the plaintiff was absent, and filing interrogatories for the sake of delay. To remedy this the statute was amended in 1855, (Acts of 1855, p. 55,) by requiring an affidavit showing that

Nov. Term,
1856.

BARNARD
v.
FLINN.

they were filed in good faith; and the affidavit of Mrs. *Barnard*, although made before the act of 1855 was in force, is almost a literal compliance with its terms. It was the correct practice, independent of the amending statute.

On the question whether an undertaking should have been filed, there seems to have been no direct ruling of the Circuit Court. It was implied, perhaps, in the refusal to postpone the trial for an answer to the interrogatories. We regard this as the ordinary case of a continuance on sufficient cause shown, to obtain testimony. It is true that this proceeding for the examination of parties, takes the place of a bill of discovery. 2 R. S. p. 96, s. 294. And it was held in *Lemon* v. *Morehead*, 8 Blackf. 561, that on filing a bill for discovery in aid of a defense at law, the proceedings would not be stayed except on condition of giving bond. We do not pretend to say but that there might be cases in which the undertaking should be required: as where, from the delay there would be danger of great loss or injury— such a case as would authorize a court to interfere by injunction and stay proceedings; but we think no such case is shown here.

For the error in refusing to require the interrogatories to be answered the judgment must be reversed.

As this cause will be remanded for another trial, we will consider another question raised by the appellant upon this record. The position assumed is, that the proof offered in the Circuit Court that *Benjamin F. Barnard* agreed to execute a stipulation declaring that the lands were conveyed to him to be sold for the benefit of the grantors, was an attempt to create an express trust by parol, which, it is insisted, cannot be done. We think it clear that an express trust cannot be proved by parol, and we have so decided. *Irwin* v. *Ivers*, 7 Ind. R. 308. To permit this to be done would overturn the Statute of Frauds. But we are not convinced that that was what the plaintiffs attempted in this case. When a contract has been completed,—all being done that

VOL. VIII.—14

was proposed to be done, in committing it to writing,— no trust being declared, parol evidence is plainly not admissible to change an absolute conveyance into a trust. Such was the case of *Irwin* v. *Ivers, supra,* and of *Steere* v, *Steere,* 5 Johns. Ch. 1.

But there is a class of cases of which chancery has always had jurisdiction, arising out of fraud, accident, and mistake, clearly distinguishable from the cases referred to. They do not proceed upon the ground that a contract complete in all its parts, all having been done that was agreed to be done in committing it to writing, can be changed by parol; but upon the ground that the contract stipulated for was not completed. We think this bill shows such a case with sufficient certainty to admit the proof. The defendants were in jail, and had not the ordinary facilities for completing the contract; the agreement was, that the lands should be conveyed to *Barnard*, and that he should execute a declaration of the trust; the deed was made in pursuance of this agreement, and had the declaration of the trust been executed it would have constituted a part of the same contract. Within a very few days, it is alleged, he was attacked with an unusual disease and suddenly died, leaving the contract yet incomplete.

Now, we do not decide anything in reference to the proofs. The evidence was admissible from the very nature of the case. Whether it proved a contract complete in its terms, which was attempted afterwards to be turned into a trust, or whether it showed a contract incomplete, by reason of a providential intervention, or other circumstances, is not for us to decide. The Court, we must presume, found it to be the latter case, whether rightly or not, we intimate no opinion, as it was purely a question of fact which is to be retried.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. M'Donald* and *W. A. McKenzie,* for the appellants.
*J. W. Gordon* and *W. R. Harrison,* for the appellees.