## FARRINGTON *v.* BARR *& als.*

The acknowledgement of the receipt of the consideration in a deed cannot be contradicted for the purpose of defeating the conveyance.

If a good consideration is stated in a deed, there is no resulting use or trust for the benefit of the grantor, even though the deed be in fact without consideration.

The receipt of a consideration admitted in a deed cannot be contradicted for the purpose of raising a resulting trust for the grantor.

Under the statute of frauds (Rev. Stat., chap. 130, sec. 13,) no trust concerning lands, except resulting trusts, can be created unless by an instrument in writing. Parol evidence is admissible to show a resulting trust, but not to show any other.

IN EQUITY. The bill was filed on the 4th day of June, 1855. It sets forth that on the 7th day of January, 1853, the complainant made and executed a deed of a lot of land, situated on the corner of Bridge and Wilson streets, in Manchester, to James McWilkins; that the deed was signed, sealed and acknowledged by the complainant, and his then wife, Hannah E. Farrington, but that it was not recorded. That it was executed and delivered to Wilkins to hold for the benefit and use of the complainant, and to be returned to him and cancelled whenever the complainant should request; or that Wilkins should himself convey the land to any person whom the complainant should designate.

That Wilkins died on the 13th day of January, 1855, having made his will and appointed the defendant, Barr, his executor, and the defendants, Currier and Woodbury, trustees of the residuum of his estate, for purposes therein named, after the payment of sundry legacies. That the will was proved on the 7th day of February, 1855, and Barr appointed executor, and that the deed is now in the possession of Barr.

That Wilkins never paid the complainant any sum whatever, or agreed to pay anything, directly or indirectly, as a consideration for the land and deed; and that the deed was wholly without consideration.

That the reason for giving the deed to Wilkins was, that the complainant was desirous of selling the land as soon as a good

opportunity should offer ; and in consequence of difficulties between himself and his wife, he feared and expected that she would not sign a deed, so that he could make a legal conveyance of the premises, and therefore, upon the advice of Wilkins, the deed was made to him, so that he might make a valid conveyance whenever the complainant might sell the land, or that Wilkins might give up and cancel the deed.

That since the execution of the deed the complainant has been divorced from his wife upon her petition.

That the complainant now has an opportunity to sell the land to one Copp, and that he is desirous of giving him a good title.

That in May, 1855, the complainant applied to each of the defendants, and requested the delivery to him of the deed, that the same might be cancelled, or that they should convey the premises to the complainant, or to said Copp ; and that they refused to do either.

The bill then interrogates the defendants specially as to the facts stated, and prays that they be ordered and directed to deliver up the deed to the complainant, to be cancelled, or that they all or either of them be authorized and directed to convey the premises to the complainant or to said Copp. There is also a prayer for general relief.

The defendants, in their answers, admit the execution of the deed by the complainant and his wife to Wilkins, and that it has never been recorded, and that it is now in the hands of the defendant, Barr, the executor of the will of Wilkins. They admit that the complainant has requested them to give up the deed, to be cancelled, or to make a conveyance of the premises to him or to said Copp.

They admit further the decease of Wilkins, the probate of his will, the appointment of Barr as executor, and that Currier and Woodbury are trustees under the will. They also admit that the complainant has been divorced from his wife upon her petition.

But they deny that the deed was given in trust, for the pur-

poses and in the manner stated in the bill, and deny that it was without consideration.

They allege that the trust mentioned in the bill was void by the statute of frauds, as they claim the same benefit from the statute as though it had been pleaded.

The evidence tends to show a parol agreement between Wilkins and the complainant for the former to hold the land in trust, as set forth in the bill, and that Wilkins paid no consideration for the land. It does not, however, show an express agreement to that effect, and it appears that Wilkins had at the time a mortgage on the lot for about $40. The lot is stated to be now worth $250. Said Copp, by the permission of Farrington, cultivated the lot for two seasons after the death of Wilkins. The consideration named in the deed is $120.

The evidence was objected to by the defendants, upon the ground that it was not competent to show by parol an agreement to hold the land in trust, and thereby to defeat the deed.

*Cross & Topliff*, for the complainant.

*W. C. & S. G. Clarke*, and *S. N. Bell*, for the defendants.

EASTMAN, J. Our statute of fraud, of which the defendants in their answers claim the benefit, is as follows: " No trust concerning lands, excepting such as may arise or result by implication of law, shall be created or declared useless by an instrument signed by the party creating the same, or by his attorney." Rev. Stat., chap. 130, sec. 13. Under this statute parol evidence is expressly excluded to show any trust in lands, except such as may arise or result by implication of law.

A resulting trust may be raised, rebutted or discharged, by parol evidence. *Page* v. *Page*, 8 N. H. 187 ; *Scoby* v. *Blanchard*, 3 N. H. 170; Sugden's Law of Vendors 414, 419; *Powell* v. *Manson*, 3 Mason 362 ; *Botsford* v. *Burr*, 2 Johns. Ch. 405 ; *Boyd* v. *McLean*, 1 Johns. Ch. 582 ; *Willis* v. *Willis*, 2 Atk. 71. But the evidence must be clear and satisfactory, and can only be received to show a fact, from which the law,

without any declaration of a trust, or agreement of the parties, implies a trust resulting from the fact proved.

The acknowledgement of the receipt of the consideration in a deed cannot be contradicted for the purpose of defeating the conveyance. *Prichard* v. *Brown*, 4 N. H. 397 ; *Morse* v. *Shattuck*, 4 N. H. 231 ; *Holmes* v. *Barker*, 3 Johns. 508 ; *Welt* v. *Franklin*, 1 Binney 502 ; Shep. Touch. 223 ; *Philbrick* v. *Delano*, 29 Maine 410.

In *Graves* v. *Graves*, 9 Foster 129, it was held that where a deed is made without any consideration, there is no resulting use or trust for the benefit of the grantor, if a consideration is stated in the deed, or if a use is expressly limited in the deed of the whole property ; and that the receipt of a consideration, admitted in the deed, cannot be contradicted for the purpose of raising a resulting trust for the grantor.

The trust which the complainant contends exists in this case was not created by any instrument in writing, and if it exists at all, it must be by implication of law. The deed which was executed by Farrington and wife to Wilkins, conveying the land, was in the usual form of quitclaim deeds, and stated to be for the consideration of $120 ; and, so far as that instrument shows, it gave to Wilkins, of whom the defendants are the legal representatives, all the title which the grantors had to the premises. The plaintiff can have no greater claim against the defendants than he could against Wilkins, were he alive ; so that the question comes to this, can the grantor of a deed, stated to be for a good and valid consideration, and executed with all the formalities required by the statute, show by parol that the grantee took and holds the estate for him in trust ? Can there in such a case be a trust which arises or results by implication of law ?

Lord *Hardwicke* said that a resulting trust, arising by operation of law, existed, first, when the estate was purchased in the name of one person, and the consideration came from another ; and, second, where a trust was declared only as to part, and nothing was said as to the residue, that residue remaining undisposed of remained to the heir-at-law. He said also that he did not

know of any other instances of a resulting trust, unless in cases of fraud.  *Lloyd* v. *Spillet*, 2 Atk. 150.

The bill charges no fraud upon Wilkins in taking the deed, and there is no evidence of any as between the grantor and grantee. Whether any was contemplated by the complainant against his wife, is not a question between the parties to this bill.  If relief were sought for her by the proceedings, she should be a party upon the record.

If the general description of resulting trusts given by Lord *Hardwicke* covers the whole ground, it is quite manifest that the trust sought to be established in the present case does not fall within the class of resulting trusts, and that it is consequently not within the exception of the statute; and if it be not within that exception it cannot be created or upheld by any parol agreement.  The case of *Graves* v. *Graves* appears to be precisely in point.  In that case, as in this, it was attempted to be shown by parol evidence that the deed from the grantor to the grantee was without consideration, and that the land was held by the grantee for the benefit and in trust for the grantor; but the court decided that it could not be done.  And from the best examination which we have been able to give the question, we are satisfied that the case presented here does not show a resulting trust, such as is contemplated by our statute or sanctioned by the authorities.

We do not find it necessary to express any opinion as to the weight of the evidence, because, being parol merely, it is incompetent to impeach the deed, or to show any trust other than a resulting one.  *Flint* v. *Sheldon*, 13 Mass. 443, 448.

Our conclusion, therefore, is, that the

*Bill must be dismissed.*