## ARLIN *v.* BROWN.

Whether the doctrine of the English chancery in relation to the equitable lien of the vendor of real estate upon the estate sold, for the payment of the purchase money, as against the vendee and his heirs, is part of the law of this State, *quære*?

But however that may be, no such lien will exist where no purchase money is agreed to be paid for the land, but where the only consideration for the conveyance is the agreement of the vendee to support and maintain the vendor during the life of such vendor.

IN EQUITY. Sarah Arlin, of Concord, widow, complains against Nathan H. Brown, of Sandwich, in our county of Carroll, yeoman, and several others, children of said Brown, and says that on the twenty-fourth day of September, A. D. 1855, being seized thereof in fee-simple, she conveyed, by deed of warranty in common form, to her daughter, Sarah Brown, of said Concord, then alive but since deceased, and being the wife of said Nathan H. Brown and the mother of said children, her heirs and assigns for ever, a certain tract or parcel of land, situated in Concord aforesaid (describing it), with the buildings thereon, reserving to herself the use and improvement of said premises during her natural life, as will more fully appear by said deed, recorded in the Registry of Deeds for said county of Merrimack; that the said premises were the homestead of the plaintiff, on which she long had and still does reside; that the value of the reversion of said premises, so conveyed to said Sarah Brown, was about the sum of five hundred dollars, and that sum was named in said deed as the consideration thereof: That the actual and true consideration of said deed was the agreement of said Sarah Brown to support and take care of the plaintiff during the period of her natural life, and there was no other consideration paid or agreed to be paid for said conveyance: That immediately upon the execution of said deed of conveyance, the said Sarah Brown, who had long lived separate and apart from her said husband, came to live with the plaintiff in the house upon said premises, and continued to do so until her death, on the tenth day of April, A. D. 1858, during which period the said Sarah Brown fur-

nished such aid in managing the affairs of the plaintiff, and taking care of her, as was necessary, but little if any more than she received full compensation for in house rent, provisions and other articles furnished her by the plaintiff: That since the death of said Sarah Brown, neither her husband, the said Nathan H. Brown, nor the other defendants, her children and heirs-at-law, or either of them, although they well knew the only consideration of said conveyance to have been the agreement of said Sarah Brown as aforesaid, have done any thing to support and take care of the plaintiff, though requested so to do, and although the plaintiff is now eighty-eight years of age, and incapable of taking care of herself, but she has been dependent on the kindness and charity of her surviving daughters : That the plaintiff took no security upon the premises conveyed to said Sarah Brown, or otherwise, for the performance of said Sarah's agreement to support and take care of the plaintiff, which constituted the sole consideration of said conveyance, but relied upon the said premises in the possession of said Sarah as a pledge for the performance of said agreement, believing she had, as she still claims to have, a lien on said premises for such performance : That the plaintiff has little if any means of support and comfort in her old age and feebleness, except the property conveyed to said Sarah Brown as aforesaid, in consideration of her executory agreement as aforesaid, and that if she can not avail herself of the same, she shall be obliged to depend on the laws of the State for the support of indigent persons for her maintenance :

Wherefore the plaintiff prays this honorable court to enforce her lien upon the premises aforesaid, for the performance of the unexecuted agreement which constituted the consideration of the conveyance thereof to said Sarah Brown, as aforesaid : That said Nathan H. Brown, surviving husband of said Sarah, and the other defendants, children and the husbands of children of said Sarah, in whom the title to said premises by law vested on the death of said Sarah, may, by a decree of this honorable court, be compelled to furnish security for the performance of said agreement in the support and proper maintenance of the plaintiff during life, or to surrender up said premises to the plaintiff; or that this court will decree the conveyance of said premises to said Sarah Brown null and void; or decree that said premises shall be sold and the proceeds thereof applied to the support and maintenance of the plaintiff, in accordance with said agreement; that such other and further relief may be granted to the plaintiff, as may be just and equitable; and that in the mean time said several defendants may answer this complaint and be restrained from making any conveyance of, or in any way incumbering said premises.

The defendants made no answer, and the bill was taken *pro confesso*.

*Fowler & Chandler*, Solicitors for the plaintiff, cited *Blackburn* v. *Gregson*, 1 Brown Ch. 420; 2 Story Eq., sec. 1218, *et seq.*; *Garson* v. *Green*, 1 Johns. Ch. 308; *Mackreth* v. *Symmons*, 15 Ves. 329; *Ex parte Hunter*, 6 Ves. 94; *Austin* v. *Holsey*, 6 Ves. 483; *Ex parte Peake*, 1 Mad. Ch. 346; *Seman* v. *Whitley*, 4 Russ. 423.

SARGENT, J.   This case raises the question whether the vendor's equitable lien upon land sold for the purchase money is part of our law.   In New-York and most of the States of the Union, the doctrines of the English Chancery are received, while in other States they are held not to be the law; because they are regarded as inconsistent with the policy of our registration laws.

In Maine this lien is denied to exist.   *Philbrick* v. *Delano*, 29 Maine 410.   In Massachusetts and Connecticut, the question is said to be still in doubt.   1 Wash. R. P. 509, and cases cited.   In Vermont it was established by a decision of the Supreme Court, in 1849 ; *Manly* v. *Slasen*, 21 Vt. 271 ; but was abolished by the Legislature in 1851.   1 Wash. R. P. 509.

The present is not a favorable case for the consideration of a question of such importance.   The amount of property is small, and the bill is taken *pro confesso* for want of an answer, and we are upon one side without the aid of counsel; we are not therefore disposed to consider this question unless we should find it indispensable to the decision of the case.

By this doctrine, as ·held in England and most of the States, equity raises an implied trust; the vendee, in legal presumption, becomes the trustee of the vendor to the extent of the purchase money unpaid.   Generally the lien of the vendor exists; the burden of proof is on the purchaser to show that in his case it has been waived.   Unless there is an express agreement to waive the equitable lien, it will continue, though the seller has taken the personal security of the buyer alone, whether it be by note, bond, or other instrument.   But if he take security beyond that of the vendee, whether personal, or by way of mortgage upon the same or other real estate, or by pledge or mortgage of personal property, either for the whole or a part of the purchase money, that will ordinarily be esteemed sufficient evidence of the waiver of the lien, although by no means conclusive.   2 Story Eq. 472; Adams Eq. 128; *Mackreth* v. *Symmons*, 15 Ves. 329, n.; Lead. Cases in Eq. 365; *Garson* v. *Green*, 1 Johns. Ch. 308; *White* v. *Williams*, 1 Paige 502; *Buntin* v. *French*, 16 N. H. 592.

In the present case it is alleged in the bill that "the actual and true consideration of the (plaintiff's) deed was the agreement of the said Sarah Brown (the grantee deceased) to support and take care of the plaintiff during the period of her natural life, and there was no other consideration paid or agreed to be paid for said conveyance ;" that immediately upon the execution of said deed of conveyance, the said Sarah Brown came to live with the plaintiff in the house upon said premises, and continued to do so until her death, on the tenth day of April, 1858, during which time said Sarah Brown furnished such aid in managing the affairs of the plaintiff and taking care of her as was necessary, &c.   The equitable lien, therefore, if any existed, was not affected by any security taken for its payment.

But where it appears that the consideration of a conveyance is that the vendee shall enter into covenants to do certain things, it has been held that there is no lien.   *Clarke* v. *Boyce*, 3 Sim. 499;

*Parrott* v. *Sweetland,* 3 Myl. & K. 655. This is upon the ground that the sale is made not for a sum of money, but for a security of a different kind, which security itself is the consideration, and the party having received that has been paid all that he contracted for. *Buckland* v. *Packnell,* 13 Sim. 406; *Dixon* v. *Gayfere,* 17 Beav. 421, 21 Beav. 118. This principle is held in *Brawley* v. *Catron,* 8 Leigh 522, 528, where it is held that this lien will not be given by a court of equity as a security for unliquidated and uncertain damages, and will therefore not exist where the consideration of the sale is an engagement to support the vendor during his life. *McCandrish* v. *Keene,* 13 Gratt. 615. The same rule is laid down in *McKillip* v. *McKillip,* 8 Barb. S. C. 552, where a vendee, by his bond reciting the conveyance of the land to him as the consideration of such bond, covenanted to maintain the vendor and his son during their natural lives: *Held,* that the covenant was the substituted consideration for the purchase money, and that the bond was not an equitable incumbrance on the land in behalf either of the obligee or of his son, who was only a beneficiary.

Upon the principle of these cases it does not seem to us that this bill can be maintained. No purchase money was ever agreed to be paid. The sole consideration for the conveyance was the parol agreement of Sarah Brown, stated in the bill. When that agreement was made the consideration was paid as the parties agreed. If it was not, still it was an agreement not for the payment of purchase money, but for certain personal services of the most indefinite and unascertainable character; and for a non-performance of which, a recovery could only be had of damages altogether unliquidated and uncertain. It has not been held any where so far as we have able to find that any lien exists for the performance of such a contract.

Whether the vendor's equitable lien shall be held to exist in this State or not, becomes therefore immaterial in this case, since either way, this bill must be dismissed. But as there has been no appearance by the defendants or any of them,

*The bill may be dismissed without costs and without prejudice.*