RICHTER and Others *v.* IRWIN.

EASEMENT.—STATUTE OF FRAUDS.—An oral promise made by a vendor of lands to his vendee, to open a street adjacent to the land, is within the statute of frauds, and cannot be enforced.

APPEAL from the *Bartholomew* Circuit Court.

FRAZER, J.—The court below sustained a demurrer to the complaint, and the only question here arises upon that ruling.

The facts shown by the complaint were that the defendant was the owner of a tract of land adjoining the town of *Columbus.* That in 1860, the plaintiffs purchased a portion of said tract, and in 1866 received a conveyance thereof, described as being so much of the tract as is situated south of the line of *Harrison* street, when it shall be extended, being one hundred and fifty feet wide, and in length, on the south side, four hundred and nine feet, and on the north side four hundred and ninety-eight feet. That to induce the purchase, the defendant fraudulently represented to the plaintiffs that *Harrison* street should be extended sixty feet wide, eastward, along the line of their purchase, as soon as his sales of ground abutting on the north would justify it. That they made their purchase for the purpose of laying off and selling the property for building lots, as a part of the town of *Columbus,* relying upon the representation of the defendant as to the street, without which they would not, as he well knew, have made the purchase. That the defendant has laid out the extension of the street only thirty-eight feet wide, leaving twenty-two feet south thereof between the same and the ground of the plaintiffs, and is about to fence and build houses on the strip of twenty-two feet, thus preventing access from the land of the plaintiffs to the street, and doing an irreparable injury; and that the defendant has laid off into town lots, and sold as such, his ground north of the plaintiffs' purchase. The prayer was that the defendant be compelled to open the street sixty feet wide, and be enjoined from opening it only thirty-eight feet wide, and from occupying the intervening strip of land with buildings, &c.

It is argued that the facts averred were sufficient to entitle the plaintiffs to the injunction prayed.

The "fraudulent representation" relied on was not a false statement as to an existing fact, but merely a promise by the defendant that at a future day he would grant to the plaintiffs, and the public, an easement upon his land, which would, by the particular location of the street, be of

peculiar private advantage to the plaintiffs, by increasing the value of their property to which the easement would be annexed. This easement is an interest in real estate, and the promise, having been oral, is not binding under the statute of frauds. 1 G. & H., § 1, p. 348.

The judgment is affirmed, with costs.

*J. A. Keith* and *C. E. Walker,* for appellant.

*S. Stansifer* and *F. Winter,* for appellee.

