## FOUTY v. FOUTY and Another.

VOLUNTARY CONVEYANCE.— *Trust.*—A voluntary conveyance of land, without any consideration, either good or valuable, is valid and binding between the parties thereto and their privies; and parol evidence cannot be given by or between them that the deed of conveyance, absolute on its face, was made upon the agreement of the grantee to hold the land in trust and reconvey it to the grantor or to the grantor's son at a future time upon the happening of a contingency.

FRAUD.—*Promise.*—A representation upon which fraud can be predicated must be of an existing fact, or of a fact alleged to exist, and cannot consist of a mere promise.

. APPEAL from the Hancock Circuit Court.

PETTIT, C. J.—The complaint is this: The plaintiff says that Amos Fouty, heretofore, to wit, on the 12th day of August, 1861, and for a long time previous, was the owner in fee simple of the following tract of land in said county of Hancock: the east half of the north-east quarter of section twenty, township fifteen, north of range seven east; that said Amos was at the time aged, feeble in health and mind, having a chronic and incurable disease; that he had a wife, Jane, who was also aged, that said Amos and Jane had no children or descendants of children, except the plaintiff, who was their son; that the defendant is an uncle, brother of said Amos; in whom he placed great confidence; that said Amos, being in the above condition of body and mind, the defendant, with the fraudulent intent to deprive said Amos of said land, represented to him that if he would convey said land to him, defendant, by deed in fee, he, defendant, would hold the same in trust for said Amos and Jane, and on their death for plaintiff, and would reconvey the same to said Amos at any time on request, or in case of his death, to said plaintiff; that, trusting to said representations, the said Amos and Jane, upon said day, without any consideration whatever, either good or valuable, executed to the defendant an unconditional warranty deed (a copy of which is filed herewith); that said deed recited the consider-

ation of twenty-six hundred dollars, but the same was executed, as above stated, without any consideration whatever; that said Amos, with his said wife, Jane, were living upon said land at the time of the execution of said deed, and had been for a long time previous; that they continued to reside there, and enjoy and manage the same, and receive the rents and profits, with the knowledge and consent of the defendant, without his let or hinderance, until their deaths, to wit, of said Amos, on the — day of ———, 1864, and of said Jane, on the — day of ———, 1863, to wit, at said county, without any heir of either except the plaintiff; that said plaintiff, on the — day of ———, 1862, volunteered as a soldier in the army of the United States, and remained in the service until after the death of his said parents, to wit, the ——— day of ———, 1865, when he was honorably discharged at the expiration of his service; that immediately on his return, and before the commencement of this action, he applied to the defendant, and requested of him a reconveyance of said land to him, which he refused and still refuses; that he holds said land fraudulently, without right, and without any consideration whatsoever; that said Amos and Jane each died intestate, without any indebtedness whatever, excepting one hundred dollars; that each left sufficient personal property in said county, now remaining there, to pay all the indebtness of each, and at least three hundred dollars over and above all such indebtedness, if any there be; that no letters of administration have been taken out in said county, or elsewhere, upon the estate of either said Amos or Jane; wherefore he prays that said conveyance to said defendant be set aside, and that he reconvey said land to the plaintiff, and other proper relief.

To this complaint the defendants demurred, for the reason that it does not state facts sufficient to constitute a cause of action against them; which demurrer was overruled, and this ruling was excepted to; and this presents for our consideration the question of the legal sufficiency of the complaint.

A voluntary conveyance of land without any consideration,

either good or valuable, is valid and binding between the parties and their privies; nor can parol evidence be given, by or between them, that such deed of conveyance, absolute on its face, was made in trust to the grantee, and that he was to reconvey at a future time on the happening of any contingency. *Jackson* v. *Garnsey*, 16 Johns. 188; *Richter* v. *Irwin*, 28 Ind. 26; *Thompson* v. *Elliott*, *id.* 55; *Matlock's Adm'r* v. *Nave*, *id.* 35; *Osborne* v. *Moss*, 7 Johns. 161; *Jackson* v. *King*, 4 Cow. 207; *Seward* v. *Jackson*, 8 Cow. 406; *Boyd* v. *Stone*, 11 Mass. 342; *M'Neely* v. *Rucker*, 6 Blackf. 391; *Doe* v. *Hurd*, 7 Blackf. 510; *Rockhill* v. *Spraggs*, 9 Ind. 30; *Squire* v. *Harder*, 1 Page, 494; *Philbrook* v. *Delano*, 29 Me. 410; *Movan* v. *Hays*, 1 Johns. Ch. 339; *Barnard* v. *Flinn*, 8 Ind. 204; *Springer* v. *Drosch*, 32 Ind. 486; *Fairchild* v. *Rasdall*, 9 Wis. 379; *McCaw* v. *Burk*, 31 Ind. 56.

But it is held and urged by the appellee that fraud is charged in the complaint, against the appellant, and that fraud vitiates all contracts, and hence it can be proved and this deed set aside and held for naught. The only thing charged as or for fraud is as follows: "That the defendant, with the fraudulent intent to deprive said Amos of said land, represented to him that if he would convey said land to him (defendant) by deed in fee simple, he, the defendant, would hold the same in trust for said Amos and Jane, and would reconvey the same to said Amos at any time on request, or in case of his death to said plaintiff; that trusting to said representations, the said Amos and Jane upon said day, without any consideration whatever, either good or valuable, executed to the defendant an unconditional warranty deed." This is not such a fraudulent representation as will avoid a deed. Representations upon which fraud can be predicated must be of an existing fact, or of a fact alleged to exist, and not a mere promise to do something afterwards.

In *Richter* v. *Irwin*, 28 Ind. 26, the plaintiffs below had averred, "that to induce the purchase of certain lands, the defendant fraudulently represented to the plaintiffs, that he would grant to the plaintiffs an easement upon his lands by

the location of a street," &c. This court held, that "the fraud-ulent representation relied on was not a false statement as to an existing fact, but merely a promise by the defendant that at a future day he would grant to the plaintiffs and the public an easement upon his land, which would, by the par-ticular location of the street, be of private advantage to the plaintiffs by increasing the value of their property, to which the easement would be annexed. This easement is an inter-est in the lands, and the promise,. having been oral, is not binding under the statute of frauds." *Smith* v. *Richards,* 13 Pet. 26; *Jackson* v. *Garnsey, supra; Foley* v. *Cowgill,* 5 Blackf. 18. These cases are decisive of this question of fraudulent representations.

There is no cause of action shown in the complaint, and the demurrer should have been sustained to it; and for this error the judgment is reversed, at the costs of the appellee.

*B. F. Davis* and *B. F. Love,* for appellant.

*M. M. Ray, J. W. Gordon, W. March,* and *J. L. Mason,* for appellees.