ENTERED JUL 2 9 2014

STATE OF MAINE                                    SUPERIOR COURT
YORK, SS.                                         CIVIL ACTION
                                                  DOCKET NO. CV-13-221
                                                  JON-YOR-06-25-14

MELVIN E. LEEDBERG, JR.            )
                                   )
            Plaintiff,             )              ORDER ON DEFENDANT'S
       v.                          )              MOTION FOR SUMMARY
                                   )              JUDGMENT
                                   )
GINO ROMANO,                       )
                                   )
            Defendant.             )

I.      Background

Plaintiff brings this action for declaratory judgment of breach of contract, negligent

misrepresentation, intentional misrepresentation, unjust enrichment, injunction, and breach of

contract.[1] Plaintiff alleges that Defendant represented to Plaintiff that in exchange for Plaintiff's

conveyance of a co-tenancy interest in the Property[2], Defendant would construct a paved access

road to the Property and obtain subdivision approval for the Property. There is no written

agreement to this effect.

On March 11, 1988, two deeds were recorded in the York County Registry of Deeds. The

first conveyed the Property from Santino and Alice Viola to Plaintiff. The second conveyed the

Property from Plaintiff to Plaintiff and Defendant. Over the next two decades, Defendant did

apply for subdivision approval multiple times, and obtained conditional subdivision approval.

However, Defendant never fulfilled the conditions that would permit granting of the subdivision

approval. Plaintiff asserts that in 2010, Defendant refuted any obligation to pave the access road

or obtain subdivision approval. Defendant alleges that all consideration promised to Plaintiff in

---

[1] Plaintiff's claims for injunction and breach of contract were brought in Plaintiff's Amended Complaint, filed 3/11/14, for which Defendant filed a Supplemental Motion for Summary Judgment on May 9, 2014.
[2] The Property is described by the Shapleigh, Maine Town Tax Maps, Map No. 8, Lot 48 and described by deed dated December 30, 1987 and recorded in the York County Registry of Deeds in Book 4636, Page 106.

1

the deed has been fulfilled and that Defendant has no outstanding obligation to Plaintiff. Defendant asserts that Defendant paid $15,000 to Susan Bowie, Esq. as Trustee for Violas as part of the conveyance from Santino and Alice Violas to Plaintiff. Plaintiff denies that Defendant contributed funds to the purchase of the Property from the Violas. Plaintiff contends that Defendant misrepresented to Plaintiff Defendant's intent to pave the access road and obtain subdivision approval and fraudulently continued to misrepresent his intent through 2010. Defendant has brought counterclaims for Dissolution and Accounting and Partition. Defendant now moves the court for Summary Judgment of Plaintiff's claims and Defendant's claim for partition.

II.     Standard of Review

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Beal v. Allstate Ins. Co., 989 A. 2d 733, 738 (Me. 2010); Dyer v. Department of Transportation, 951 A.2d 821, 825 (Me. 2008). When reviewing a motion for summary judgment, the court reviews the parties' statements of material facts and the cited record evidence in the light most favorable to the non-moving party. Id.

A genuine issue of material fact exists where the fact finder must make a determination between differing versions of the truth. Reliance National Indemnity v. Knowles Industrial Services Corp., 2005 ME 29, ¶7, 868 A.2d 220; citing Univ. of Me. Found. V. Fleet Bank of Me., 2003 ME 20, ¶20, 817 A.2d 871. Furthermore, "a fact is material if it could potentially affect the outcome of the case." Id.

III.    Discussion

A. Declaratory Judgment

2

Defendant moves the court for summary judgment on Plaintiffs' count of declaratory judgment of breach of contract. Defendant argues that there was no agreement to be breached. Defendant contends that all of Plaintiff's assertions rely upon prior agreements and parole evidence, which are generally not admissible to where a written deed is present. Card v. Nickerson, 150 Me. 89, 93, 104 A.2d 427, 430 (1954). Therefore, Defendant argues, Plaintiff cannot defeat a deed that states that land has been conveyed for consideration, by alleging lack of consideration. Philbrook v. Delano, 29 Me. 410, 412-13 (1849). Plaintiff argues that because Plaintiff has pled fraud and seeks equitable relief, Defendant's arguments do not apply.

The court finds that any agreement made by the parties prior to the deed were merged at the time of the execution of the deed. Therefore, viewing the facts in the light most favorable to Plaintiff, there was no enforceable agreement after the transfer of the deed to Plaintiff and Defendant. Because there is no enforceable agreement making Defendant's obtaining subdivision approval and completing the access way a contingency to the transfer of the property, there was no valid agreement that could have been breached. Plaintiff has not sufficiently demonstrated that there was a contract that was breached. Defendant's Motion for Summary Judgment of Plaintiff's claim of Declaratory Judgment is granted.

B. Intentional Misrepresentation and Negligent Misrepresentation

Plaintiff brings claims of intentional misrepresentation and negligent misrepresentation. To prove intentional misrepresentation, or fraud, Plaintiff must show:

> (1) that the defendant made a false representation, (2) of a material fact, (3) with knowledge of its falsity or in reckless disregard of whether it is true or false, (4) for the purpose of inducing the plaintiff to act in reliance upon it, and, (5) the plaintiff justifiably relied upon the representation as true and acted upon it to the plaintiff's damage."

Rand v. Bath Iron Works Corp., 2003 ME 122, ¶ 9, 832 A.2d 771.

The standard for negligent misrepresentation is very similar:

> "One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."

Langevin v. Allstate Ins. Co., 2013 ME 55, ¶ 11, 66 A.3d 585 (citations omitted). Plaintiff has raised issues of material fact.

Defendant asserts that the statute of limitations has run on these claims, therefore judgment should be granted on Plaintiff's claims. Defendant argues that the claim accrued at the moment the deed was signed because that was the moment Plaintiff suffered any alleged judicially cognizable injury. Defendant cites to Dunelawn Owners' Ass'n v. Gendreau , in which the Law Court found that the plaintiffs claims for construction defects accrued at completion of construction, regardless of when the plaintiffs discovered the defects. Dunelawn Owners' Ass'n v. Gendreau, 2000 ME 94, ¶ 12, 750 A.2d 591.Were Plaintiff asserting a claim arising from tort or contract that did not include an element of intentional fraud, Defendant's assessment of the accrual of the claim would be correct.

Unlike the plaintiffs in Dunelawn, in which the plaintiffs' merely claimed that the defendants had unintentionally created latent defects, Plaintiff in the case at hand alleges intentional, or at least negligent, misrepresentation. Where a plaintiff asserts that the cause of action was fraudulently concealed from the plaintiff or where a plaintiff asserts a cause of action of fraud, the statute of limitations is tolled until the time that the plaintiff discovered the fraud or would have discovered the fraud had the plaintiff exercised due diligence and ordinary prudence. 14 M.R.S 859 (2014) ("*If a person, liable to any action mentioned, fraudulently conceals the cause thereof from the person entitled thereto, or if a fraud is committed which entitles any person to*

4

*an action, the action may be commenced at any time within 6 years after the person entitled thereto discovers that he has just cause of action, except as provided in section 3580.*); <u>Westman v. Armitage</u>, 215 A.2d 919, 921-22 (Me. 1966). In the case at bar, Plaintiff asserts that he was not made aware of the misrepresentation until 2010. Viewing the facts in the light most favorable to Plaintiff, the statute of limitations was tolled until 2010. Plaintiff has raised issues of material fact concerning his claims of negligent misrepresentation and intentional misrepresentation. Defendant's Motion for Summary Judgment on the basis of failure to file within the statute of limitations is denied.

C. Unjust Enrichment

Defendant moves the court for summary judgment on Plaintiff's claim of unjust enrichment. In order to prove a claim of unjust enrichment,

> "(1) it conferred a benefit on the other party; (2) the other party had appreciation or knowledge of the benefit; and (3) the acceptance or retention of the benefit was under such circumstances as to make it inequitable for it to retain the benefit without payment of its value."

<u>Tucci v. City Of Biddeford</u>, 2005 ME 7, ¶14, 864 A.2d 185. Plaintiff alleges that Defendant obtained the tenancy in common in the property without any consideration. Defendant alleges that the consideration given was $15,000 and that Plaintiff signed a tax transfer form to that effect. There remains a question of fact concerning whether Defendant provided any consideration in exchange for the property in question. Summary Judgment is denied with respect to Plaintiff's claim of unjust enrichment.

D. Injunction

Defendant moves the court for summary judgment on Plaintiff's request for injunctive relief requiring Defendant to complete the subdivision approval process with the Town of Shapleigh

and complete construction on the subdivision road. In order for a party to be awarded injunctive relief, the plaintiff must show:

> (1) that plaintiff will suffer irreparable injury if the injunction is not granted,
> (2) that such injury outweighs any harm which granting the injunctive relief would inflict on the defendant,
> (3) that plaintiff has exhibited a likelihood of success on the merits (at most, a probability; at least, a substantial possibility),
> (4) that the public interest will not be adversely affected by granting the injunction.

Ingraham v. Univ. of Maine at Orono, 441 A.2d 691, 693 (Me. 1982). Plaintiff alleges that Defendant's failure to complete the subdivision application and complete construction of a paved access have caused Plaintiff irreparable injury. Plaintiff contends that there is no adequate remedy at law and that the public interest would not be disserved by issuance of an injunction.

The court disagrees with Plaintiff's assertion that there is no adequate remedy at law for Defendant's misrepresentation and/or breach of contract. Furthermore, Plaintiff has failed to allege which claim or claims have a likelihood of succeeding on the merits for which Plaintiff may be entitled to injunctive relief. The court grants Defendant's Motion for Summary Judgment.

E. Breach of Contract

The court grants Defendant's Motion for Summary Judgment with respect to Plaintiff's claim on Breach of Contract for the same reasons as the court grants Defendant's Motion for Summary Judgment of Plaintiff's claim of Declaratory Judgment.

F. Partition

Defendant moves the court for summary judgment on its counterclaim for partition of the property. According to statute, any party with a tenancy in common interest may bring an action for partition. 14 M.R.S. § 6501 (2013). Defendant is entitled to partition if there is no question of

fact as to Defendant's ownership interest in the property. Plaintiff contends that Defendant obtained the deed in question by fraud and that the deed is therefore invalid. Because Plaintiff contests Defendant's ownership of the property in question, raising questions of material fact, the court denies Defendant's Motion for Summary Judgment on the Counterclaim of Partition.

IV.     Conclusion

The court GRANTS Defendant's Motion for Summary Judgment with respect to Plaintiff's claim of Declaratory Judgment, Breach of Contract, and Injunctive Relief.

The court DENIES Defendant's Motion for Summary Judgment with respect to Plaintiff's claims of negligent misrepresentation, intentional misrepresentation, and Partition.[3]

DATE: 6/25/14

_____
John O'Neil, Jr.
Justice, Superior Court

---

[3] Accordingly, the issue related to the need for a discovery conference on issues of oral representations should be resolved. If not, parties may request a further Rule 26 (g) conference by telephonically contacting the clerk's office or the judicial secretary.

7

ATTORNEY FOR PLAINTIFF:
PEGGY MCGEHEE
JOSEPH SIVISKI
PERKINS THOMPSON PA
PO BOX 426
PORTLAND ME  04112


ATTORNEY FOR DEFENDANT:
THOMAS G VAN HOUTEN
LAW OFFICE OF THOMAS VAN HOUTEN
469 MAIN ST SUITE 101
SPRINGVALE ME  04083