[Civ. No. 9186. Second Appellate District, Division One.—June 30, 1933.]

ANNE O'KEEFE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Ralph C. Curren for Petitioner.

Avery M. Blount and William J. Clark for Respondent.

THE COURT.—In course of administration of the estate of Michael Maher, deceased, the petitioner, Anne O'Keefe, was the attorney for the executor until March 10, 1932. At that time the administration was practically completed and was in a condition to be closed, except for the payment of an inheritance tax and the preparation of the final account and petition for distribution. At this point the attorney was discharged and another attorney substituted in her place. Later all taxes were paid, and executor's final account filed. Thereupon petitioner made application to the court to fix the portion of attorney fees payable from said estate to which she is entitled, determine the reasonable value of the extraordinary services rendered by her, and direct payment of said sums to petitioner.

When said matter came on for hearing the court dismissed the petition without determining the merits of the same, said dismissal being made on the ground that the court is without jurisdiction to hear and determine said petition. The only reasons suggested in justification of such refusal to exercise such jurisdiction are that there was evidence that petitioner has filed in the municipal court an action against the executor James H. Maher, individually, to recover for legal services rendered to him, including the services rendered by her in course of administration of said estate, and the further fact of a purported written assignment by petitioner to James H. Maher of her said fee for services to the estate, such assignment purporting to have been made as security for the payment of certain notes.

Inasmuch as the court has jurisdiction of the subject matter of said application for allowance of said attorney fees, and inasmuch as such jurisdiction is in nowise affected by the pendency of said action in the municipal court, or by the said purported assignment of said notes, it is the clear duty of respondent court to proceed with the determination of said application upon its merits.

For the foregoing reason it has been ordered that the peremptory writ issue.