[Civ. No. 4169.   Fourth Dist.   Jan. 23, 1951.]

MARSHALL DENTON, JR., Appellant, v. MILTON SMITH, Respondent.

Marshall Denton, Jr., in pro. per., for Appellant.

Milton Smith in pro. per., for Respondent.

MUSSELL, J.—Plaintiff, an attorney at law, filed the instant action for the sum of $1,361.56 alleged to be due him for legal services rendered to the defendant in connection with "determining the extent of and recovering the interest of the defendant" in and to the estate of his deceased wife. In addition to the above amount, plaintiff asked for reasonable attorney's fees in the instant action, interest and costs.

The trial court concluded that the contract sued upon was without consideration, invalid and unenforcible and judgment was rendered that plaintiff recover nothing by reason of the said contract. Plaintiff appeals, claiming that the evidence was insufficient to support the findings and judgment.

On or about October 9, 1946, the defendant Milton Smith called at plaintiff's office in Los Angeles to obtain advice relative to the probate of his (defendant's) deceased wife's estate. Defendant stated, among other things, that he and deceased had been separated for some time and prior to separation had purchased certain improved real property at Fontana, California; that at the time of the separation, the property had not been paid for in full but that the deceased wife had completed payments thereon and had received a deed thereto in her name alone. Plaintiff promised, upon further investigation, to advise the defendant as to his rights and on October 18, 1946, the parties met at another conference. Plaintiff then advised the defendant that he was entitled to be appointed as administrator of the estate in place of his son who had applied for letters. On October 26th the defendant again went to plaintiff's office, where he signed a petition for letters of administration and written objections to the application of the son on file. On December 2, 1946, plaintiff Denton filed a petition for revocation of the letters of administration which had been issued to Amos R. Smith on November 18th, and on January 10, 1947, Milton Smith was appointed as administrator of the estate.

On November 18, 1946, the plaintiff and defendant executed

a contract which provided, so far as material here, that in consideration of "all legal services to be rendered" by the plaintiff Marshall Denton, Jr. "in connection with determining the extent of and recovering the interest of" the defendant in the estate of his deceased wife, the defendant agreed to pay plaintiff a sum equal to one-fourth of the appraised value of the part of the estate recovered; said amount to be paid "within a reasonable time after the suit, determining the extent" of defendant's interest in the estate. No such suit was ever brought by the plaintiff, and at the time this contract was executed, he had investigated and ascertained the facts and he took the usual proceedings in an estate matter knowing that no suit was necessary.

On December 2, 1947, the plaintiff prepared and filed the first and final account and report, petition for distribution and for final discharge, in which account and report, signed by Marshall Denton, Jr., as attorney for petitioner and the estate, it was recited, among other things, that the plaintiff, as attorney for the estate, was entitled to the sum of $310.62 as the statutory attorney's fees and was entitled to the further sum of $200 for extraordinary legal services rendered. On January 30, 1948, a judge of the superior court, by his order, settled the said first and final account and signed the decree of distribution and ordered the estate closed.

In February, 1948, Denton filed a petition in the probate matter to revoke letters of administration, alleging, among other things, that he had repeatedly demanded payment of the sums allowed as attorney's fees from the administrator of the estate and that his demands had been refused. He then alleged upon information and belief that the administrator, Milton Smith, had wasted, embezzled and mismanaged the funds and property of the estate and asked that a citation be issued to revoke the letters issued to Milton Smith. Smith then procured another attorney, and, after various proceedings had in the estate matter, the court, in its final order settling the final account and decree of distribution, awarded to plaintiff Denton attorney's fees in the sum of $100 and extraordinary fees in the sum of $50 for his services in the estate matter. The decree recited that Denton had received on account of his fees the sum of $134.70.

It appears from the record before us that at the time the contract was presented to the defendant Smith for his signature, its terms were not explained to or understood by him. While he stated that he read the contract, it does not

appear that Denton informed him that the fees allowed to an attorney in the probate of an estate were as set forth in the Probate Code. It would seem unreasonable to suppose that if Smith were informed of the percentage allowed as attorney's fees by law in probate proceedings, he would then have signed an agreement to pay several times that amount for services which would have been unnecessary under the circumstances disclosed. If, as is apparent, Amos R. Smith had been appointed administrator of the estate, it is to be presumed that the estate would be properly administered and that Smith's interest would be determined and his share of the estate distributed to him. The activities of Denton in securing the removal of the son as administrator could in nowise affect the ultimate disposition of the property involved. It does not appear that Denton agreed to perform any services for Smith which would not be performed by the attorney for the administrator of the estate.

Denton knew or should have known that defendant's interest in the estate was readily ascertainable and was recoverable (probably without requiring any legal services on Denton's part). Under such circumstances the trial court correctly found "that said written contract was without consideration to defendant."

The court's finding that at the date said written contract was executed and for more than a month prior thereto plaintiff was and had been attorney for defendant in the matter of the estate involved, is supported by substantial evidence. In this connection it should be noted that defendant Smith had no independent advisor at the time and did not understand the contract; that plaintiff did not explain to him the limitations of attorney's fees allowed in probate matters. Under such circumstances, plaintiff was precluded from recovering more than a reasonable sum as attorney's fees for his services. (*McNeal* v. *Foreman,* 117 Cal.App. 155, 157, 158 [3 P.2d 583].) In *Estate of Mallory,* 99 Cal.App. 96, 102 [278 P. 488], the court said:

"The rule has been many times declared that no one who holds a confidential relation toward another shall take advantage of that relation in favor of himself or deal with the other to his own advantage upon terms of his own making; that in every such transaction the law will presume that he who held an influence over the other exercised it unduly to his own advantage, and that the transaction will not be upheld unless it appears that such other had independent advice and that his act was not only the result of his own volition

but that he both understood the act he was doing and comprehended its result and effect.''

The trial court had jurisdiction of the subject matter of the attorney's fees to be allowed in the probate matter (*O'Keefe* v. *Superior Court,* 133 Cal.App. 99, 100 [23 P.2d 523]), and the allowance of $100 for ordinary fees and $50 for extra fees for the services of plaintiff as administrator was more than a reasonable amount, under the circumstances disclosed by the record.

The contract of employment between an attorney and his client, where an advantage is obtained, is presumptively invalid, undue influence is presumed, and the burden is immediately cast upon the attorney to prove that his transaction with his client was fair. Denton failed to make proof that the transaction between himself and Smith was fair and equitable and that no advantage was taken by him, and also failed to establish that Smith was fully informed of all matters relating to the transaction or that he fully comprehended his rights or duties to the estate. Under the circumstances, plaintiff cannot recover on the contract sued upon. (*Estate of De Barry,* 43 Cal.App.2d 715, 728 [111 P.2d 728]; *Moore* v. *Hoar,* 27 Cal.App.2d 269, 288 [81 P.2d 226].)

As was said in *Clark* v. *Millsap,* 197 Cal. 765, 785 [242 P. 918]:

'' 'Fraud or unfairness on the part of the attorney will prevent him from recovering for services rendered; as will acts in violation or excess of authority, and acts of impropriety inconsistent with the character of the profession, and incompatible with the faithful discharge of its duties.' (6 Cor. Jur. 722, 723.)''

Plaintiff Denton's conduct with respect to the matter of his fees herein cannot be said to meet the standard of fairness required to entitle him to recover on the contract sued upon.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.