[No. 6277.]
### DAVID PORTER *v.* CHRISTIAN MULLER.

MORTGAGE MUST BE IN WRITING. — A mortgage lien upon real estate can be created only by an instrument in writing, executed with the formalities required in case of a grant of real property.

FINDING NOT SUSTAINED BY EVIDENCE. — A finding that an agreement was made creating a lien on real property is not sustained by the evidence, if it appears that the agreement was entirely verbal.—[REPORTER.]

APPEAL from the District Court of the Fifth Judicial District, San Joaquin County.

The action was brought to foreclose a mortgage made by the defendant and George Kroeckel to plaintiff, September 2nd, 1875, to secure the payment of a joint indebtedness of three thousand dollars and interest. The land (three hundred and twenty acres in San Joaquin County) was purchased by the defendant and Kroeckel in 1871, from one Tarr, for eight thousand dollars. One-half of the purchase-money was paid in cash at the time, each contributing one-half thereof, and the payment of the remainder was secured by a mortgage given by them to Tarr, who executed a deed to them. In 1873, Muller went on the land to farm it, under a verbal agreement between him and Kroeckel that Muller should have the support of himself and family from the proceeds of the land, and thereafter the net proceeds of the grain raised on the land should be applied toward the payment of the mortgage debt. Muller farmed the land under this agreement, and on the 2nd day of September, 1875,

all the interest then due on the mortgage debt, and one thousand dollars of the principal having been paid from the net proceeds pursuant to the joint agreement, and Tarr wishing the balance of the purchase-money, three thousand dollars, Muller and Kroeckel borrowed from the plaintiff three thousand dollars, and therewith paid and satisfied the mortgage to Tarr, and to secure the payment of said three thousand dollars, they made to plaintiff their joint note and the mortgage on which this action was brought.

Before the giving of the mortgage sought to be foreclosed in this action, Kroeckel, on the 28th of February, 1874, made to plaintiff a note for four thousand dollars (Kroeckel's individual debt) and a mortgage on his undivided one-half of the land to secure the payment of the same. In September, 1876, this note became due, and an action to foreclose was commenced, during the pendency of which, November 9th, 1876, Kroeckel being insolvent, and acting upon the advice of the defendant, conveyed his one-half interest in the land to the plaintiff for a sufficient consideration to pay his indebtedness to the plaintiff, except as to the three-thousand-dollar note of September 2nd, 1875. Kroeckel was insolvent at the time, and remained so until he died, in August, 1877. The defendant continued to farm the land under his parol agreement with Kroeckel, and on November 9th, 1876, when the conveyance to plaintiff was made by Kroeckel. there were two hundred and sixty acres of the land sowed to grain. A parol agreement was then made between the plaintiff and the defendant, under which the defendant remained on the farm and delivered to the plaintiff one-eighth of the grain raised on the land during the season of 1876-7. There was evidence, also, that at the same time, in consideration of this favorable arrangement, the defendant agreed verbally to be responsible for the payment of the whole sum to become due upon the three-thousand-dollar note. When the note became due, the defendant tendered the plaintiff one thousand six hundred and eighty dollars—one-half the amount thereof, principal and interest—and demanded the canceling of the note and mortgage. The plaintiff refused to accept the money upon such terms, claiming that the defendant had agreed to pay the whole,

and that his half of the land should be subject to the mortgage therefor. The defendant refused to pay more than the sum tendered, and this action was brought to recover the full amount due upon the note and mortgage, and to enforce the mortgage lien thereof. Judgment was rendered for the plaintiff, and the defendant appealed.

*J. H. Budd & Sons*, for Appellant, cited Civil Code, secs. 2920–2922.

*E. S. Pillsbury*, for Respondent.

When two or more persons unite in a mortgage of their several interests or parcels of land, each of said contracts or parcels is liable for the whole debt. ( *Cummings* v. *Williams*, 1 Sand. Ch. 26; *Coutant* v. *Servoss*, 3 Barb. 128–143; *Crafts* v. *Crafts*, 13 Gray, 361–363; *Taylor* v. *Porter*, 7 Mass. 354–358; *Stevens* v. *Cooper*, 1 Johns. Ch. 427.) The agreement of the defendant to pay the whole debt was valid, even if the property had not already been bound for the whole. ( *Morgan* v. *Overman S. M. Co.* 37 Cal. 534.) Defendant could waive his equity of redemption as to Kroeckel's interest in the premises, and any rights he might assert against the plaintiff by reason of his position as mortgagor with Kroeckel, and having agreed, for a valuable consideration, to the conveyance of Kroeckel's interest to plaintiff to satisfy a prior lien, and having also agreed to pay the mortgage in question, he is now estopped from raising any objection to such conveyance, or to pay this mortgage. One who accepts the terms of an agreement, and acts upon it and receives the benefits, must accept the same *in toto;* he cannot accept part and reject the rest. (Bigelow on Estoppel, 511, 514; *Rodman* v. *Clark*, 46 N. Y. 357; *Morris* v. *Rexford*, 18 N. Y. 552; *Songes* v. *Wood*, 9 Johns. 416; *Rapelle* v. *Stewart*, 27 N. Y. 310; *Palmer* v. *Smith*, 10 N. Y. 303; *Hone* v. *Henriques*, 13 Wend. 240.)

By the COURT:

At the time of the arrangement between Porter, Kroeckel, and Muller, the whole land was subject to the lien of the mort-

gage in suit. The arrangement was to the effect that Kroeckel should convey to Porter his undivided half of the lands; that Porter should satisfy the two notes and mortgages given by Kroeckel to Pórter; and that Muller should be responsible for the whole of the amount due upon the note and mortgage in suit; and that the mortgage should be a lien upon his half of the lands; and that the half of the lands conveyed by Kroeckel to Porter should not be chargeable therewith.

That agreement was virtually the imposition of an additional mortgage lien upon the lands of Muller; and within the meaning of sec. 2922 of the Civil Code, such lien can be created only by an instrument in writing, executed with the formalities required in case of grant of real property. It was not proven that the alleged agreement was made in writing; but it appears to have been entirely verbal, and therefore the finding that the alleged agreement was made is not sustained by the evidence.

Judgment and order reversed, and cause remanded for a new trial. Remittitur forthwith.