[Civ. No. 2711. Second Appellate District, Division One.—January 30, 1920.]

## HILDUR V. OFFERDAHL, Respondent, v. MINNIE L. BRYDGES, Appellant.

[1] WRITTEN INSTRUMENTS — ACKNOWLEDGMENT OF INDEBTEDNESS — CONSTRUCTION OF—PAROL EVIDENCE.—A written instrument in the nature of a due-bill made and executed by the defendant whereby she acknowledged that she was indebted to plaintiff's assignor in a given sum, in the absence of facts showing that it was procured by fraud, mistake, or duress, must be construed in accordance with the plain import of the language used therein; and in an action thereon, evidence to prove the general nature of the business between the parties and to show the facts and circumstances to aid in deciding what occurred or to explain what occurred when the writing was given, is inadmissible.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

John M. Bowen for Appellant.

Thomas A. Sanson for Respondent.

SHAW, J.—Plaintiff brought this action to recover upon a written instrument made and executed by defendant to George Mezutani (plaintiff's assignor), whereby she acknowledged that she was indebted to him in the sum of $805.43. Judgment went for plaintiff, from which defendant appeals.

Defendant's answer, while admitting the execution and delivery of the writing, alleged that it was made and delivered as evidence of her indebtedness to Mezutani and others employed to assist him in the care and management of her nursery and upon condition that no action be had thereon and that defendant could have all the time desired by her within which to pay the same, which facts she sought to establish by oral proof. As a second defense, and by way

---

1. Evidence of preliminary negotiations as aid to construction of instrument, note, 18 Ann. Cas. 257.

of counterclaim, it was alleged that at the time of executing said instrument Mezutani had for months neglected and failed to properly care for and manage the nursery, which fact he concealed from her; and that as a result of such neglect she was damaged in a large sum.

As indicating the errors of which appellant complains, we quote from her brief as follows: ''Two points are raised by appellant in support of her contention that judgment thereon should be reversed: (1) That there was no account stated. (2) That the court erred in refusing permission to appellant to introduce evidence to prove the general nature of the business between the parties and to show the facts and circumstances to aid in deciding what occurred or to explain what occurred when the writing was given by appellant to said Mezutani.''

[1] The action does not purport to be upon an account stated, but upon an instrument in the nature of a due-bill, the effect of which, in the absence of facts showing that it was procured by fraud, mistake, or duress, must, as in the case of a promissory note or other writing, be construed in accordance with the plain import of the language used therein. The character of the written obligation was such that defendant was not entitled to introduce oral testimony varying its terms. No facts are alleged in either defense set forth in the answer under which evidence was admissible for the purpose of proving the general nature of the transaction had between the parties, or to show the surrounding circumstances under which the document was made and delivered. The action was upon the written instrument, and whether it be deemed an account stated, due-bill, or note, it clearly and conclusively appears therefrom that it was an acknowledgment on the part of defendant of a present indebtedness due to plaintiff's assignor.

While the appeal appears to be without merit and frivolous, we cannot upon the record say that it was not taken in good faith or that it was for delay; hence we must decline to impose the penalty asked for by respondent.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.