FIDLER ET AL. *v.* FARMERS AND TRADERS BANK OF LAFAYETTE, INDIANA.

[No. 10,393. Filed May 25, 1920. Rehearing denied November 19, 1920. Transfer denied December 21, 1920.]

1. VENDOR AND PURCHASER.—*Creation of Lien.—For Purchase Money Only.—Prior Debt Ineffectual.*—For a debt to be a lien upon land conveyed, it must be for the purchase money therefor, and a prior debt owed by grantee to grantor, not arising in any way out of the transaction involved, is not sufficient to create a lien. p. 492.

2. FRAUDS, STATUTE OF.—*Lien on Real Estate.—Parol.*—A lien on real estate cannot be created by parol agreement. p. 493.

From Tippecanoe Circuit Court; *Henry H. Vinton,* Judge.

Action by the Farmers and Traders Bank of Lafayette, Indiana, against Orlando Fidler and others. From

a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Samuel U. Simms* and *Randolph & Milford,* for appellant.

*Charles V. McAdams* and *Clyde H. Jones,* for appellees.

NICHOLS, J.—It appears by appellee's complaint that appellee obtained a judgment in the Tippecanoe Circuit Court, February 25, 1915, against appellant George N. Fidler for $1,076.06, and another judgment, March 18, 1916, against the same appellant for $193.80. On March 18, 1916, appellant Orlando Fidler, being the owner of certain real estate, consisting of about 228 acres, conveyed it to his five children, including said appellant George N. Fidler, as tenants in common, in equal shares, except that two of said children were required to pay to the other three, including appellant George N., $400 upon division of such real estate. The father reserved to himself a life estate. On April 17 and 18, 1916, said children, their wives or husbands joining, reconveyed said real estate to their father. On April 20, 1916, the father conveyed to his son George N. and his wife 40.25 acres of said land, reserving a life estate, and by separate deeds all the remainder to his other four children, reserving a life estate. On January 9, 1917, said children, including appellant George N., their wives or husbands joining, reconveyed to their father all of the real estate so conveyed to them by the last five mentioned deeds.

Appellee claims that its judgments are liens upon the undivided one-fifth of said real estate, and prays a judgment subjecting such real estate to the payment of its judgments.

Appellant Orlando Fidler by his second paragraph of answer says that at the time of making the deed of

March 18, 1916, the real estate therein described, consisting of 228 acres of land in Tippecanoe county, was incumbered by *bona fide* mortgages duly recorded, in the sum of $9,400, and that such conveyance was subject to said mortgages; that prior to said date appellant George N. had borrowed money from appellant Orlando, and as evidence thereof had executed two notes, one dated March 10, 1913, for $1,250, due one day after date, with four per cent. interest, and one dated January 2, 1914, for $800, due one year after date, with six per cent. interest, and that no part of said notes, principal, or interest had been paid; that prior to the execution of said deed on March 18, 1916, said appellants Orlando and George N. had agreed that as a part of the consideration for such deed the money then due on said notes should be a lien against the land thus conveyed to the said appellant George N.; that such agreement at the time of such conveyance was in full force; that the amounts of said notes have been, ever since the delivery of said deeds, a lien against said land in favor of said appellant Orlando, down to the time that said land was reconveyed to appellant Orlando; that appellant George N. was all of the time a resident householder; and that his interest in said land, subject to the said valid liens, was not as much as $600. Appellant's third paragraph of answer avers the same general facts, and then that the parties agreed that the debt represented by said notes should be considered as a part of the purchase money for said land, and that no part of the purchase money had been paid.

A demurrer sustained to each of these paragraphs of answer presents the question as to whether a lien can be created against the land in the manner aforesaid. Appellant could have no lien unless it was predicated upon the fact that the vendee owed purchase money. Any lien that was enforceable was so

because it was incident to the debt for the purchase money. *Bryson* v. *Collmer* (1904), 33 Ind. App. 494, 71 N. E. 229; *Dwenger* v. *Branigan* (1884), 95 Ind. 221; *Nutter* v. *Fouch* (1882), 86 Ind. 451; *Mulky* v. *Karsell* (1903), 31 Ind. App. 595, 68 N. E. 689; *Nichols* v. *Glover* (1872), 41 Ind. 24. If there was a lien, it was the unpaid purchase money that created it. *Barrett* v. *Lewis* (1886), 106 Ind. 120, 5 N. E. 910. The last case cited gives us the principle in the following language: "If, upon looking through the transaction, it appears that a debt is in fact part of the purchase price of land acquired in the transaction out of which the debt arose, no other obstacle intervening, a lien will be declared upon the land so acquired, in favor of the person to whom such debt is due." It is apparent that no debt arose out of the transaction involved. On the contrary, the only debt involved was a debt that the grantee was obligated to pay long before such transaction, and hence it could not have been any part of the purchase price. The case presented is that of a father making distribution of his estate among his five children, by conveying his land to them in equal shares, with some adjustment evidently because of advancements. We are not persuaded that there was any understanding between the father and any of his children at the time that there was a sale to any one of them. Without a sale there could have been no purchase price.

But if we were to concede that there was some agreement as to the notes being a part of the purchase price, it will not be contended that such agreement was in writing. Each of said paragraphs of answer avers a parol agreement to create a lien upon real estate. Such an interest cannot be created unless the agreement is in writing. *Richter* v. *Irwin* (1867), 28 Ind. 26 (easement); *Irwin* v. *Hubbard* (1874), 49 Ind. 350, 19 Am. Rep. 679 (mortgage); *Brumfield* v. *Carson*

(1870), 33 Ind. 94, 5 Am. Rep. 184 (easement) ; *Slack* v. *Collins* (1896), 145 Ind. 569, 42 N. E. 910 (lien) ; *Indianapolis, etc., R. Co.* v. *Wycoff* (1912), 51 Ind. App. 159, 95 N. E. 442 (easement) ; *Stringfellow* v. *Ivie* (1882), 73 Ala. 209 (vendor's lien) ; *Marshall* v. *Livermore Spring Water Co.* (1884), (Cal.) 5 Pac. 101 (lien). It was not error to sustain the demurrers to the second and third paragraphs of answer.

Judgment affirmed.