[Civ. No. 26669. Second Dist., Div. Two. Apr. 19, 1963.]

REMAINDERS, INC., Plaintiff and Appellant, v. SONJA BARTLETT, Defendant and Respondent.

Guerin & Guerin and John J. Guerin for Plaintiff and Appellant.

Sonja Bartlett, in pro. per., for Defendant and Respondent.

FOX, P. J.—Plaintiff, as assignee of the law firm of Guerin & Guerin, filed this action against defendant to recover attorneys' fees, court costs and miscellaneous fees advanced in a number of legal matters which that firm had handled for defendant, and also sought to foreclose a lien on certain real property which was alleged to have been given as security for the payment of said fees and advances. Defendant defaulted and the case was tried as a default.

The complaint alleges four causes of action: (1) an open book account; (2) in *quantum meruit*; (3) an account stated; and (4) foreclosure of a lien on real property purportedly based upon plaintiff's assignors' fees (and expenditures) for legal services on behalf of defendant.

The court found that Guerin & Guerin did perform legal services for defendant on open book account within four years prior to the filing of this action; that the total amount of said open book account at the time of filing said action was $42,857.91; that defendant had paid $5,950.78 on account,

leaving a balance due of $36,907.13. Judgment was accordingly rendered in favor of plaintiff in this latter amount.

Since this was a default hearing pursuant to section 585, Code of Civil Procedure, findings of fact and conclusions of law were not required and none were filed. The judgment recites that the court "determined that the evidence introduced was insufficient to sustain the allegations of the complaint as to the second, third and fourth[1] causes of action" and decreed that plaintiff take nothing by reason of any of these three causes of action. Plaintiff has appealed from that portion of the judgment denying relief on the second, third[2] and fourth causes of action.

Pursuant to the provisions of section 585, Code of Civil Procedure, plaintiff offered in evidence the affidavit of John J. Guerin, Esquire, a member of the assignor firm. He also testified as a witness.

In its memorandum decision, the trial court states: "With respect to the Fourth Cause of Action, for foreclosure of lien, the evidence shows that the lien claimed by Guerin and Guerin is oral and never was reduced to writing."

The court also states: "The Plaintiff offered in evidence three written contracts for legal services between Sonja Bartlett and Guerin and Guerin for which claim is made on the open book account. In each contract Sonja Bartlett agreed to pledge all of her stock in Golda Emerson, Inc. and Desert Products, Inc. 'as security for the performance on her part of this and other agreements entered into contemporaneously herewith.' No reference is made in any of said contracts to lien on real property.

"There is no evidence as to whether Guerin and Guerin acquired possession of any stock from the Defendants[3] or either of them as security for payment of attorney fees and if so, whether they sold the same and realized any money therefrom and applied it on the indebtedness of Defendants."

---

[1] The judgment also recites that the court determined that "the purported fourth cause of action did not state facts sufficient to constitute a cause of action or to enable the Court to give plaintiff the relief requested pursuant" thereto. In view of our disposition of the case upon other grounds, it is unnecessary for us to consider this additional basis for the court's ruling on the fourth cause of action.

[2] Appellant does not present any argument in its brief in support of its appeal from that portion of the judgment which denied relief under Counts Two and Three. We may therefore assume that appellant has abandoned that portion of its appeal. (*People* v. *Scott,* 24 Cal.2d. 774, 783 [151 P.2d 517].)

[3] Sonja Bartlett is the only defendant involved in this appeal.

The court thereupon concluded that ''the Plaintiff is entitled to no relief on its Fourth Cause of Action.'' This conclusion is in harmony with the recital in the judgment that the evidence is insufficient to sustain the allegations of the fourth cause of action.

The trial court significantly noted that the asserted lien ''is oral and never was reduced to writing'' and that ''no reference is made'' in any of the three written contracts for legal services between defendant and Guerin and Guerin ''to any lien on real property'' but that in each of these three contracts the attorneys are granted a lien for their fees and advancements upon any judgment, recovery or settlement that may be had and in addition defendant agreed to pledge all of her stock in two corporations ''as security for performance on her part of this and other agreements entered into contemporaneously herewith.''

John J. Guerin, a member of the assignor firm, testified at the default hearing. In the course of his testimony, the trial judge asked him: ''Where is the lien you claim that she gave you?

''Mr. Guerin: This was done orally. After the initial conference wherein the written agreements were prepared, after that time, about a week or two later, I went to pick up files on these cases—she had a number of cases—I went to pick up the files from among others, Charles B. Taylor of Taylor, Sherman and—

''The Court: In other words, you are claiming a lien on this property by virtue of an oral agreement?

''Mr. Guerin: Yes, Your Honor.

''.     .     .     .     .     .     .     .

''The Court: Did she make the oral agreement with you?

''Mr. Guerin: Yes, she did. This was after I picked up the files.

''.     .     .     .     .     .     .     .

''The Court: Why didn't you put it in writing?

''Mr. Guerin: At the time I had already been employed on all of these other actions. She came in with about six or seven actions, all at once. I was busily working on these actions, together with others that I had at the time. . . .''

██  The trial court correctly held that plaintiff was not entitled to any relief under its fourth cause of action. It is incontrovertibly established by Guerin's testimony that the asserted lien was oral and was never reduced to writing. Section 1971, Code of Civil Procedure, provides: ''No estate

or interest in real property, other than for leases for a term not exceeding one year, nor any trust or power over or concerning it, or in any manner relating thereto, can be created, granted, assigned, surrendered, or declared, otherwise than by operation of law, or a conveyance or other instrument in writing, subscribed by the party creating, granting, assigning, surrendering, or declaring the same, or by his lawful agent, thereunto authorized by writing.'' Relying on this code section, the court in *Marshall* v. *Livermore Spring Water Co.*, 2 Cal. Unrep. 417 [5 P. 101], held that an asserted oral lien upon real property was void. This case was cited in *Fidler* v. *Farmers' & Traders' Bank*, 74 Ind.App. 490 [127 N.E. 442] in support of its decision that a lien upon real estate cannot be created by parol agreement. ▪ In *Cook* v. *Cook*, 12 Cal.App.2d 70 [54 P.2d 1150], defendant sought to show by parol evidence that his acceptance of a promissory note was with the understanding that the instrument created a lien in his favor. The court held that parol evidence was not admissible and that ''[A]ppellant cannot obtain the relief sought without the presentation of an instrument in writing providing therefor. (Code Civ. Proc., § 1971.)'' See also *Penn Mutual Life Ins. Co.* v. *Kimble*, 132 Neb. 408 [272 N.W. 231]; *Watson* v. *Hobson*, 40 Ill. 191 [81 N.E.2d 885, 7 A.L.R. 2d 1156].

▪ It is also incontrovertibly established from Guerin's testimony that at the time arrangements were made with defendant for an oral lien upon all of her real property that his firm was already representing defendant and the relationship of attorney and client existed at the time of this asserted oral agreement for a lien. ''The relation of attorney and client is of a fiduciary character, . . . '' (*Metropolis etc. Savings Bank* v. *Monnier*, 169 Cal. 592, 598 [147 P. 265].)

▪ In *Denton* v. *Smith*, 101 Cal.App.2d 841 [226 P.2d 723], at p. 845, the court stated: ''The contract of employment between an attorney and his client, where an advantage is obtained, is presumptively invalid, undue influence is presumed, and the burden is immediately cast upon the attorney to prove that his transaction with his client was fair.'' (*Magee* v. *Brenneman*, 188 Cal.562, 571 [206 P. 37]; *Brydonjack* v. *Rieck*, 5 Cal.App.2d 219, 223 [42 P.2d 336]; *Estate of De Barry*, 43 Cal.App.2d 715, 728 [111 P.2d 728].) It is of course apparent that an advantage was obtained by the assignor firm for by this purported agreement they were to have a lien upon all of defendant's real property in addition to the liens pro-

vided for in the three retainer agreements whereby the client agreed to pledge all of her stock in two corporations as security for the performance of her agreement with the firm and in which they also were given a lien upon any judgment or recovery which might be had in any of the matters being handled by the firm. The presumption of undue influence was not rebutted nor was it established that the transaction with the client was fair. The trial judge was amply justified in denying any recovery on the fourth cause of action on the foregoing principles.

The thrust of plaintiff's position on appeal is that under section 585, subdivision 2, Code of Civil Procedure, it was "entitled to a judgment on the Fourth Cause of Action without the introduction of any evidence." It is unnecessary for us to pass upon that point for plaintiff-appellant is in no position to raise it. Examination of the record fails to disclose that plaintiff made any demand, or even suggestion, prior to Judge Diether's memorandum decision to the effect that it was entitled to a default judgment without the presentation of any evidence. In fact, the record indicates that plaintiff was proceeding on the theory that the presentation of evidence was necessary to secure the judgment. A document entitled "Application for Order," filed on January 11, 1962, and signed by plaintiff's counsel, states that "The above entitled cause came on for default hearing in Department 63 of the above entitled court and was continued from time to time because of the length of time necessary to establish the case on a default hearing." This document further states: "The cause was transferred to Department 10 for hearing by Commissioner Marshall on October 4, 1961. Since the matter was a default hearing, the Commissioner was exercising his function exclusively as to making recommendations or substantiation of facts. Testimony and documentary evidence was introduced."

In the hearing of the case before Judge Diether, John J. Guerin presented a lengthy affidavit in support of plaintiff's case and recited that it was submitted pursuant to section 585, Code of Civil Procedure, as amended in 1961, as testimony in support of default judgment. As previously noted, Mr. Guerin also took the witness stand and gave additional testimony in support of plaintiff's case. After the trial judge had decided against plaintiff on the fourth cause of action, plaintiff made application to reopen default hearing on the grounds that "the interests of justice require the granting of said motion and that the submission of the cause occurred,

through error, mistake or excusable neglect of plaintiff and/or its counsel." In support of this application, plaintiff submitted points and authorities in which it was suggested for the first time that it was unnecessary to present evidence in this case. Plaintiff also submitted a supplemental affidavit of its counsel, John J. Guerin, which sought, *inter alia,* to answer or explain certain comments of the trial judge in his memorandum decision. Plaintiff's motion to reopen was denied. There is no suggestion in appellant's brief that the trial court abused its discretion in denying this motion.

After having proceeded in this matter on the theory that evidence was necessary to be submitted in order to get a judgment on its fourth cause of action, and having submitted both oral and documentary evidence, and then having lost the decision, plaintiff now seeks a new procedural apporach. It, in effect, now claims that notwithstanding the evidence it submitted to the court which establishes that under the law it has no legal basis for a lien upon defendant's real property, it should nevertheless be permitted to go back to the superior court and have a judgment entered in its favor without disclosing the facts surrounding the transaction. This precise point was recently passed on in *Riddle* v. *Fiano,* 194 Cal. App.2d 684 [15 Cal.Rptr. 248]. Pertinent here is the statement of the court at page 696: "Here the plaintiff undoubtedly was convinced that his action did not fall within the provisions of the statute where the clerk could enter the judgment for he took the necessary steps to have the judge hear the matter instead of having the clerk enter up the judgment as a ministerial act. He specifically asked the court to render judgment in his favor based upon the testimony he produced which the judge did not do. Having taken the course he did it ill behooves the plaintiff now to say that he should not have submitted the matter to the judge for hearing and that the judgment should be reversed because the clerk might have entered the judgment had the clerk been so requested."

The portion of the judgment appealed from is affirmed.

Ashburn, J., and Herndon, J., concurred.

A petition for a rehearing was denied May 16, 1963, and appellant's petition for a hearing by the Supreme Court was denied June 12, 1963.