Filed 12/4/13  Residential Credit Solutions v. Adigwe CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| RESIDENTIAL CREDIT SOLUTIONS, INC., | B240653 |
| Plaintiff, Cross-defendant, and Appellant, | (Los Angeles County Super. Ct. No. BC459810) |
| v. | |
| PASCAL LORD-MICHAEL ADIGWE, | |
| Defendant, Cross-complainant, and Appellant. | |

APPEALS from a judgment of the Superior Court of Los Angeles County, Michael L. Stern, Judge.  Affirmed.

Marcus, Watanabe & Dave, David M. Marcus and Daniel J. Enowitz for Plaintiff, Cross-defendant, and Appellant.

Onwaeze Law Group and Ogochukwu Victor Onwaeze for Defendant, Cross-complainant, and Appellant.

In this case, Residential Credit Solutions, Inc. (Residential) presents claims based on an alleged agreement between Pascal Lord-Michael Adigwe (Adigwe) and borrowers Chris Dike Nwadiwe and his wife Fabre L. Atkins-Nwadiwe (the Nwadiwes) to the effect that a secured loan obtained by the Nwadiwes from Residential's predecessor would remain a valid lien on the property even though Adigwe had recorded a notice of lis pendens before the loan was made, and thereafter obtained a quiet title judgment as to the property that secured the predecessor's loan. Residential concedes that due to the lis pendens and the subsequent judgment in the quiet title action, Residential's deed of trust would not be a valid lien against the property absent an agreement between the Nwadiwes and Adigwe.

These circumstances gave rise to a complaint by Residential against Adigwe, and a cross-action by Adigwe against Residential for declaratory relief and cancellation of the deed of trust on which Residential relies. Residential appeals from judgments entered after the trial court sustained Adigwe's demurrer to Residential's complaint without leave to amend, and granted judgment on the pleadings to Adigwe on his cross-complaint. Adigwe cross-appeals from denial of his motion for an award of attorney fees.

We conclude that the statute of frauds bars Residential from recovery based on the alleged agreement between the Nwadiwes and Adigwe. We also conclude that Residential is not entitled to recovery on its equitable claims. The trial court did not err in granting judgment on the pleadings on two causes of action of Adigwe's cross-complaint. We shall affirm the judgments. We conclude, finally, that the trial court did not err in denying Adigwe his attorney fees under Civil Code section 1717.

## FACTUAL AND PROCEDURAL SUMMARY

We apply the same standards in reviewing the trial court's orders sustaining a general demurrer and granting a motion for judgment on the pleadings. (*County of Orange v. Association of Orange County Deputy Sheriffs* (2011) 192 Cal.App.4th 21, 32 (*County of Orange*).) "We accept the complaint's properly pleaded factual allegations as true and give them a liberal construction. [Citations.] We do not accept as true 'any

2

contentions, deductions or conclusions of fact or law contained therein.' [Citation.]" (*Ibid.*) We may consider matters subject to judicial notice. (*Southern California Edison Co. v. City of Victorville* (2013) 217 Cal.App.4th 218, 227.)

The subject real property (the property) was acquired by the Nwadiwes in September 1998.[1] In November 2002, they obtained a $472,500 loan from Finance America Loans, secured by a deed of trust on the property. In April 2005, Adigwe sued the Nwadiwes in Los Angeles Superior Court to quiet title to the property (LASC case No. BC332145 (Adigwe action)). On April 27, 2005, Adigwe filed and recorded his first lis pendens pertaining to the property. The withdrawal of this lis pendens was recorded on March 3, 2006. Adigwe recorded a second lis pendens as to the property on March 10, 2006 in the Adigwe action.

In April 2006, despite the lis pendens recorded by Adigwe, Winstar Mortgage Partners, Inc., Residential's predecessor, loaned the Nwadiwes $630,000, secured by a deed of trust on the property (Winstar loan). This deed of trust was recorded on April 24, 2006.

In August 2006, the court gave judgment based on a jury verdict in favor of Adigwe and against the Nwadiwes in the Adigwe action. The judgment ordered the Nwadiwes to "convey title to this property to [Adigwe], *subject only to that deed of trust the beneficiary of which is Finance America and which recites that the borrower, Chris Dike Nwadiwe, is indebted to his lender in the principal sum of $472,500.00.*" (Italics added.) The Winstar loan is not mentioned in the quiet title judgment. The judgment was recorded on August 10, 2006. On August 7, 2006, Chris Nwadiwe quitclaimed his interest in the property to his wife, Fabre Atkins-Nwadiwe, and on August 9, 2008, the

---

[1] The complaint alleges that Chris Nwadiwe acquired the property in September 1998, and that Fabre Nwadiwe executed an interspousal transfer deed at the same time, granting any interest she had in the property to her husband. The Nwadiwes executed a series of interspousal transfers between themselves. There is no dispute that the Nwadiwes owned the property at the relevant times. Fabre Nwadiwe executed some relevant documents as Fabre Atkins-Nwadiwe.

property was quitclaimed by Fabre Atkins-Nwadiwe to Adigwe pursuant to the terms of the judgment.

In April 2011, Winstar's interests in the deed of trust executed by the Nwadiwes in April 2006 were assigned to its successor, Residential. The same month, Residential filed the present action against the Nwadiwes and Adigwe in Los Angeles Superior Court (case No. BC459810). It alleged that $468,204.23 of proceeds from the Winstar loan were used to pay off the Finance America loan on the property and that the full reconveyance of the deed of trust securing Finance America's loan to the Nwadiwes was recorded on June 15, 2006. Residential alleged that Adigwe acquired title to the property pursuant to the quitclaim judgment "subject to the Winstar Deed of Trust, and with the understanding and agreement between him and Defendant Fabre Nwadiwe that the Winstar Deed of Trust, the proceeds of which were used to retire the obligation secured by the Finance America Deed of Trust, would remain as a valid lien against the Subject Property. Plaintiff is informed and believes, and based upon said information and belief alleges that, notwithstanding the Judgment entered in the Adigwe Action[,] the Winstar Deed of Trust remains as a valid lien against the Subject Property."

Residential alleged causes of action against Adigwe for declaratory relief (that Adigwe acquired title subject to the Winstar Deed of Trust); for judicial foreclosure on the Winstar Deed of Trust which was in default; and for declaratory relief (that Residential is entitled to an equitable lien in the amount of Winstar loan proceeds used to pay off the Finance America loan). Residential also alleged causes of action for unjust enrichment and an equitable lien based on the use of proceeds of the loan it made to the Nwadiwes to pay off the Finance America loan. The Nwadiwes were named as defendants as well, but were dismissed from the action.

Adigwe demurred to the complaint and filed a cross-complaint to quiet title, cancel the Residential deed of trust, and for damages for slander of title against Residential. The trial court sustained the demurrer without leave to amend. A partial judgment in favor of Adigwe against Residential was entered. Residential appealed from that partial judgment.

4

Adigwe's cross-complaint alleged causes of action to quiet title, for cancellation of the Winstar deed of trust, and for slander of title. Adigwe alleged that prior to 1998, he had an agreement with Chris Nwadiwe for Nwadiwe to acquire the property, using money provided by Adigwe, to be held in trust for Adigwe. Nwadiwe was to account for profits and rents and eventually transfer the property to Adigwe. The trial court sustained Residential's demurrer to the second cause of action for slander of title without leave to amend and struck Adigwe's requests for special and general damages on his cause of action to quiet title. The trial court granted Adigwe's subsequent motion for judgment on the pleadings on the remaining causes of action in the cross-complaint and entered judgment in his favor against Residential. Residential appealed from the judgment. Adigwe's motion for attorney fees was denied and he filed a cross-appeal from that order. We ordered the appeals consolidated.

## DISCUSSION

### I

The legal issues regarding the trial court's rulings on the demurrer to Residential's complaint and on the motion for judgment on the pleadings on Adigwe's cross-complaint are basically the same. Residential concedes that it does not have a valid lien against the property in light of the lis pendens Adigwe filed and the judgment quieting title in the Adigwe action. "A lis pendens provides constructive notice of the litigation, such that any judgment later obtained in the action relates back to the filing of the lis pendens. [Citation.] A lis pendens clouds title until the litigation is resolved or the lis pendens is expunged, and any party acquiring an interest in the property after the action is filed will be bound by the judgment. [Citation.]" (*Slintak v. Buckeye Retirement Co., L.L.C., Ltd.* (2006) 139 Cal.App.4th 575, 586–587; *Deutsche Bank National Trust Co. v. McGurk* (2012) 206 Cal.App.4th 201, 214 ["[A]ny person who obtains an interest in the property subsequent to the filing of the lis pendens takes that interest with constructive knowledge of the quiet title action, and will be bound by the judgment in the quiet title action. (Code Civ. Proc., § 765.030, subd. (b).)"].)

5

In an effort to avoid the conclusive impact of the lis pendens and the quiet title judgment in favor of Adigwe here, Residential alleges, and argues on appeal, that there was an agreement between the Nwadiwes and Adigwe that the Winstar deed of trust would remain a valid lien against the property notwithstanding the Adigwe lis pendens and judgment.  It does not allege a written agreement signed by Adigwe by which he agreed that the Winstar deed of trust would remain a valid lien on the property.  Instead, it simply alleges an "understanding and agreement" between Adigwe and Fabre Nwadiwe that Adigwe took title subject to the Winstar Deed of Trust, the proceeds of which were used to retire the obligation secured by the Finance America deed of trust, and that the Winstar deed of trust would remain as a valid lien against the property.

Like the trial court, we look to the documents incorporated into both the complaint and the cross-complaint.  The Adigwe quiet title judgment expressly gave Adigwe title to the property subject to the Finance America deed of trust.  But it does not mention the Winstar deed of trust.  The absence of any reference to the Winstar deed of trust in the quiet title judgment undercuts Residential's argument that Adigwe agreed that it would remain a valid lien on the property.

In his opening brief, Adigwe argues that Residential cannot base its contract claims on this alleged agreement because it is barred by the statute of frauds, Civil Code section 1624, subdivision (a)(3).[2]  That statute requires a written agreement signed by the party to be charged for "[a]n agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein . . . ."

We concluded that the case presented a significant issue regarding the statute of frauds, and invited counsel to address the applicability of Civil Code section 1624, subdivision (a)(2), which seemed more applicable to the circumstances presented here.  It

---

[2] Residential responds that Adigwe did not assert the statute of frauds as a basis for his demurrer.  "[W]e may affirm an order sustaining a demurrer on grounds presented by the record whether or not relied on by the trial court [citation], or on grounds first raised on appeal [citation]."  (*Ortega v. Topa Ins. Co.* (2012) 206 Cal.App.4th 463, 472.)

provides that a promise to answer for the debt of another is invalid unless it is in writing and signed by the party to be charged, here Adigwe.

In his supplemental brief Adigwe cites a third subdivision of Civil Code section 1624, subdivision (a)(6). He argues that this statute of frauds provision bars Residential from arguing the existence of an unwritten, unexecuted agreement between Adigwe and Fabre Nwadiwe. Civil Code section 1624, subdivision (a)(6) provides: "(a) The following contracts are invalid, unless they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged or by the party's agent: [¶] . . . [¶] (6) An agreement by a purchaser of real property to pay an indebtedness secured by a mortgage or deed of trust upon the property purchased, unless assumption of the indebtedness by the purchaser is specifically provided for in the conveyance of the property."

The statute of frauds barring oral transfers of real property interests is also codified in Code of Civil Procedure section 1971: "No estate or interest in real property, . . . nor any power over or concerning it, or in any manner relating thereto, can be created, granted, assigned, surrendered, or declared, otherwise than by operation of law, or a conveyance or other instrument in writing, subscribed by the party creating, granting, assigning, surrendering, or declaring the same . . . ."

An oral agreement to grant a lien against real property as security for a debt falls within the statute of frauds. (*Landes Const. Co., Inc. v. Royal Bank of Canada* (9th Cir. 1987) 833 F.2d 1365, 1370, citing *Remainders, Inc. v. Bartlett* (1963) 215 Cal.App.2d 295, 298-299.) In *Remainders, Inc. v. Bartlett*, *supra*, 215 Cal.App.2d 295, the assignee of a law firm sued a defendant to recover attorney fees and costs for legal matters the firm had handled for the defendant. It sought to foreclose an oral lien on real property allegedly given as security for the payment of fees. The court refused to enforce the alleged oral lien based on Code of Civil Procedure section 1971. (*Id.* at p. 299.)

Miller & Starr cite Civil Code section 1624, subdivision (a)(6) for the proposition that: "An assumption agreement must be in writing and must be signed by the grantee." (Miller & Starr, 4 Cal. Real Estate (3d ed.) § 10.36, p. 119) The treatise explains that "[a]

7

purchaser 'assumes' the obligation whenever he or she agrees to pay the obligation secured by an existing trust deed or mortgage on the property conveyed." (*Ibid.*)

Residential's allegation is that Adigwe agreed that the property would be subject to the Winstar lien, even though no mention of it was made in the Adigwe quiet title judgment. This allegation is the kind of transfer of an obligation secured by real property addressed by Civil Code section 1624, subdivision (a)(6) and Code of Civil Procedure section 1971.

Civil Code section 1624, subdivision (a)(6), and Code of Civil Procedure section 1971, are specific statutes of frauds applicable to these circumstances. They are more specific than the general provision of Civil Code section 1624, subdivision (a)(2), which addresses a promise to answer for the debt of another. "It is a fundamental principle that ""'[a] specific provision relating to a particular subject will govern a general provision, even though the general provision standing alone would be broad enough to include the subject to which the specific provision relates.'" [Citations.]' [Citation.]" (*Bed, Bath & Beyond of La Jolla, Inc. v. La Jolla Village Square Venture Partners* (1997) 52 Cal.App.4th 867, 877.) This rule applies to the choice of statute of frauds provisions. (*Id.* at pp. 876–877 [ruling subdivision (d) of former Civil Code section 1624 (now subdivision (a)(3)) regarding lease for period longer than one year controls over general former subdivision (a) (now subdivision (a)(1)) governing an agreement that cannot be performed within a year].) We conclude that the specific provisions of Civil Code section 1624, subdivision (a)(6) and Code of Civil Procedure section 1971 govern over Civil Code section 1624, subdivision (a)(2) and require a written agreement that the Winstar lien is valid against the property as to Adigwe.

Our conclusion that the statute of frauds bars Residential from relying on an unwritten agreement applies to the first cause of action for declaratory relief (alleging that Adigwe acquired the property subject to the valid Winstar deed of trust), and the

8

second cause of action for judicial foreclosure (alleging the same agreement).[3] We conclude that the trial court properly sustained demurrers to these causes of action on statute of frauds grounds.

Residential's argument that the court erred in granting judgment on the pleadings on Adigwe's cause of action to quiet title is based on the claim that there was an agreement between the Nwadiwes and Adigwe that the Winstar deed of trust would remain a valid lien on the property. Since that claim is barred by the statute of frauds, judgment on the pleadings was properly granted. Alternatively, Residential cites its claim of entitlement to an equitable lien against the property as a basis for denying Adigwe's quiet title cause of action. We address that alternative ground below.

II

Residential argues it is entitled to recover for unjust enrichment (fourth cause of action) and under an equitable lien (third and fifth causes of action) on the theory that it would be unjust to allow Adigwe to retain the benefit of the $468,204.23 of funds from the Winstar loan used to pay off and satisfy the Finance America lien on the property. The complaint alleges that "proceeds from the Winstar loan in the amount of $468,204.23 were disbursed to pay off the Finance America Loan, secured by the Finance America Deed of Trust against the Subject Property, and thereafter, the Finance America Deed of Trust was reconveyed, via a Substitution of Trustee and Full Reconveyance (the 'Reconveyance') recorded on June 15, 2006 . . ." The reconveyance is exhibit 11 to the complaint. It identifies the Nwadiwes as the original trustors, states that the debt secured has been fully paid and satisfied, and instructs the recorder "to enter the satisfaction of and cancel of record the deed of trust." This was nearly two months before the trial court quieted title to the property in Adigwe in his action against the Nwadiwes.

_____

[3] Residential concedes that our ruling on its first cause of action applies with equal force to its second cause of action.

9

For reasons not explained in the record, the judgment entered in Adigwe's quiet title action states that Adigwe is to take title to the property "subject *only* to that deed of trust the beneficiary of which is Finance America, and which recites that the borrower, Chris Dike Nwadiwe, is indebted to his lender in the principal sum of $472,500.00." (Italics added.)  Residential's theory is that the Finance America lien was paid off with funds loaned by Winstar, and that since the Finance America lien had been satisfied, Adigwe received a benefit of the amount used to pay off Finance America.

A.  *Unjust Enrichment*

As Adigwe argues, there is no cause of action in California for unjust enrichment. (*Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350, 1370 (*Durrell*).)  Rather, it is "synonymous with restitution.  [Citation.]" (*Ibid.*)  "'[R]estitution may be awarded where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct.'" (*Ibid.*)  "'Under the law of restitution, "[a]n individual is required to make restitution if he or she is unjustly enriched at the expense of another.  [Citations.] A person is enriched if the person receives a benefit at another's expense.  [Citation.]" [Citation.]  However, "[t]he fact that one person benefits another is not, by itself, sufficient to require restitution.  The person receiving the benefit is required to make restitution only if the circumstances are such that, as between the two individuals, it is *unjust* for the person to retain it.  [Citation.]"' (*McBride v. Boughton* [(2004)] 123 Cal.App.4th [379,] 389.)" (*Ibid.*)

The unjust enrichment allegation is that the quiet title judgment in favor of Adigwe awarded him title subject to the Finance America deed of trust.  It alleges: "However, proceeds in the amount of $468,204.23 from the Winstar Loan, secured by the Winstar Deed of Trust, were used to retire the Finance America Loan, secured by the Finance America Deed of Trust, and to obtain the reconveyance of the Finance America Deed of Trust.  Accordingly, in the event it is determined that the Winstar Deed of Trust is not a valid lien against the Subject Property, and that Defendant, Adigwe, did not acquire title to the Subject Property subject to the Winstar Deed of Trust, Defendants, and each of them, received direct benefits from the proceeds of the Winstar Loan, secured by

10

the Winstar Deed of Trust, which loan and deed of trust, and the rights thereunder, have been assigned to [Residential]." It alleges that each defendant has been unjustly enriched by the amount of Winstar proceeds used to retire the Finance America loan and deed of trust.

The complaint alleges that the Nwadiwes concealed the second lis pendens and the existence of the Adigwe action from Winstar when they applied for a loan. But it does not allege that Adigwe engaged in improper conduct in relation to the issuance of the Winstar loan, or the use of Winstar loan proceeds to pay off the Finance America loan. It simply alleges that he received the benefit of those circumstances. But ""'"[t]he fact that one person benefits another is not, by itself, sufficient to require restitution. The person receiving the benefit is required to make restitution only if the circumstances are such that, as between the two individuals, it is *unjust* for the person to retain it. [Citation.]"' [Citation.]" (*Durell*, *supra*, 183 Cal.App.4th at p. 1370.)

Unclean hands is an affirmative defense in actions seeking equitable relief, including the right of restitution. (*Wilson v. S.L. Rey, Inc.* (1993) 17 Cal.App.4th 234, 244.) "The bar applies only if the inequitable conduct occurred in a transaction directly related to the matter before the court and affects the equitable relationship between the litigants. [Citation.]" (*Ibid.*) "'The [unclean hands] doctrine demands that a plaintiff act fairly in the matter for which he seeks a remedy. He must come into court with clean hands, and keep them clean, or he will be denied relief, regardless of the merits of his claim.' [Citation.]" (*Brown v. Grimes* (2011) 192 Cal.App.4th 265, 282.)

The pleadings and attached exhibits establish that Residential's predecessor, Winstar, was responsible for the circumstances giving rise to the claim for unjust enrichment. Winstar made the loan notwithstanding the lis pendens. The judgment in the quiet title action, which was rendered after the Winstar loan was made, was not made subject to the Winstar loan. There is no allegation that Adigwe was responsible for concealing the pendency of his action from Winstar. Nor is there an allegation that he was involved in the Nwadiwes' decision to use Winstar loan proceeds to pay off the existing Finance America loan on the property. The fact that the judgment in the Adigwe

11

quiet title action was expressly made subject to the Finance America loan which already had been satisfied, suggests that Adigwe was unaware that it was no longer a lien on the property. Once Winstar made the loan to the Nwadiwes they were entitled to use the loan proceeds in any manner they chose. There is no allegation in Residential's complaint to the contrary.

As between Adigwe—who is not alleged to have played a role in the loan from Winstar to the Nwadiwes, or in the use of those loan proceeds to pay off the Finance America loan—and Residential, whose predecessor acted without due diligence in making the loan, we conclude that Residential is not entitled to restitution under its cause of action for unjust enrichment. (*Durell*, *supra*, 183 Cal.App.4th at p. 1370.)

### B. *Equitable Lien*

Residential takes the position that its third cause of action for declaratory relief and fifth cause of action for imposition and foreclosure of an equitable lien are "intertwined and concern its attempt to impose and foreclose an Equitable Lien against the Subject Property as a result of its predecessor's payoff of the Finance America Deed of Trust." Residential characterizes the issue as to these theories as whether the constructive notice arising from the lis pendens and Adigwe quiet title judgment bars the imposition of an equitable lien in the amount of the Finance America loan payoff. Similarly, Residential argues the trial court erred in granting judgment on the pleadings on Adigwe's cause of action to quiet title because it claims an equitable lien as to the property.

A party is not entitled to imposition of an equitable lien where it is chargeable with culpable and inexcusable neglect. (*JP Morgan Chase Bank, N.A. v. Banc of America Practice Solutions, Inc.* (2012) 209 Cal.App.4th 855, 861 (*Chase Bank*).) It is true that constructive notice by recording of a claim on property does not preclude a party from invoking equitable subrogation. (*Ibid.*) Nevertheless, we must determine whether Adigwe's equities are equal to or greater than Residential's. If they are, Residential is not entitled to equitable subrogation. (*Id*. at p. 862.)

12

Residential cites *Chase Bank*, *supra*, 209 Cal.App.4th 855, to argue that the equities favor its claim for equitable relief. In that case, Chase Bank invoked the doctrine of equitable subrogation where it had paid off existing first and second deeds of trust and expected a first deed of trust in return. There was evidence that Chase Bank would not have made its loan otherwise, and that the escrow company was instructed not to disburse loan funds if Chase's deed of trust did not have first priority. But Banc of America Practice Solutions, Inc. (Banc) recorded its deed of trust prior to Chase's filing of its deed of trust. It knew of the two prior deeds of trust, and expected that it would be in third position. The Court of Appeal concluded that in these circumstances, the equities favored Chase. (*Id*. at p. 862.) It reasoned that since equitable subrogation looks to the intentions of the parties, allowing Chase to invoke equitable subrogation gave both parties what they intended: priority to Chase and a subordinate position to Banc. (*Ibid.*)

We disagree with Residential's attempt to analogize Adigwe to the position of a junior encumbrancer, as in *JP Morgan*, *supra*, 209 Cal.App.4th 855. It contends that like a junior encumbrancer, Adigwe would be left in the same position (junior to Residential) that he had before this litigation began, and would not be prejudiced by a judgment that he pay Residential the $468,204.23 used to pay off the Finance America loan. We fail to see how Adigwe would not be prejudiced. He is not in the position of a junior encumbrancer. He was awarded title to the property free of any security interest in favor of Winstar. As discussed, there is no allegation that he was involved in the Nwadiwes' use of Winstar loan proceeds to pay off the Finance America loan. Denial of recovery to Residential under these circumstances does not result in a windfall to Adigwe. The balance of the equities is with Adigwe. The trial court properly sustained the demurrer to Residential's third and fifth causes of action. It follows that Residential is unable to plead an equitable lien that would bar the judgment on the pleadings on Adigwe's first cause of action to quiet title in the property on this basis.

## III

The third cause of action in Adigwe's cross-complaint is to cancel the Winstar deed of trust as a valid lien on the property. Adigwe argues that the lis pendens and judgment in the quiet title action render the Winstar deed of trust void because the Winstar deed of trust was subject to the quiet title judgment. The trial court judgment decreed the Winstar deed of trust null, cancelled, and ineffective to create any interest, legal or equitable, in the property.

Residential argues the trial court erred in granting Adigwe judgment on this third cause of action based on the same claim of an agreement between Adigwe and the Nwadiwes that the Winstar deed of trust remain a valid lien on the property. The statute of frauds precludes Residential from relief on that ground. In addition, we have concluded that Residential cannot plead a right to equitable relief under the circumstances of this claim. The trial court did not err in granting Adigwe judgment on this cause of action.

## IV

Adigwe argues the trial court erred in denying his motion for attorney fees because he prevailed on Residential's complaint and on his own cross-complaint. Residential's complaint sought to enforce the Winstar promissory note and deed of trust. Paragraph 6(E) of the promissory note and paragraph 22 of the deed of trust provide for an award of attorney fees.[4]

Residential points out that Adigwe was not a party to either instrument containing a fee clause. Adigwe seeks fees under Civil Code section 1717. That statute provides: "In any action on a contract, where the contract specifically provides that attorney's fees

---

[4] The fee clause states that if the note holder has required the borrower to "pay immediately", "the Note Holder will have the right to be paid back by [borrower] for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees." Similarly, the fee clause in the deed of trust appears in the paragraph on acceleration of the debt upon the borrower's breach.

and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, *then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees* in addition to other costs." (Italics added.) "Non-signatories to contracts are sometimes entitled to attorney fees by virtue of Civil Code section 1717. For example a non-signatory who prevails in an action on the contract is entitled to attorney fees provided it would have been liable for fees had the other party prevailed. [Citation.]" (*Hyduke's Valley Motors v. Lobel Financial Corp.* (2010) 189 Cal.App.4th 430, 435.)

Adigwe argues he is a nonsignatory entitled to fees, citing *Saucedo v. Mercury Sav. & Loan Assn.* (1980) 111 Cal.App.3d 309. That case is distinguishable. *Saucedo* was an action to prevent foreclosure for nonpayment of a loan. The non-signatory plaintiff found entitled to receive fees was a successor in interest to the original signatory of a loan, and had purchased the property expressly subject to the loan agreement that included the fees clause. (*Id.* at p. 311.) As we have seen, since Adigwe obtained title to the property through a quiet title judgment, he did not take title subject to the Winstar loan instruments containing the fee clauses he now invokes. In *Babcock v. Omansky* (1973) 31 Cal.App.3d 625, 633, a non-signatory to a contract with an attorney fee clause was awarded fees under Civil Code section 1717 where it was alleged she engaged in a joint venture with her husband, who was a signatory. No such allegation is made here.

Also distinguishable is *Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, an action in which a plaintiff sued shareholders and directors of two bankrupt corporations in an effort to hold them liable for debts it owed to the corporations based on the claim that the defendants were alter egos of the corporations. The trial court rejected the alter ego theory and awarded the defendants attorney fees. (*Id.* at p. 127.) Since the defendants would have been liable on the notes if the plaintiff had prevailed on its alter ego theory, the defendants were entitled to recovery of fees. (*Id.* at p. 129.)

Adigwe fails to demonstrate how he would have been liable for fees to Residential absent express language that he took title subject to the instruments with the fees clause,

15

or allegations of joint venture or alter ego.  The trial court did not err in denying the fee motion.

## DISPOSITION

The judgments after sustaining the demurrer to Residential's complaint without leave to amend and granting judgment on the pleadings to Adigwe on his cross-complaint are affirmed.  The trial court's order denying attorney fees to Adigwe also is affirmed.  Adigwe shall have his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EPSTEIN, P. J.

We concur:

MANELLA, J.

SUZUKAWA, J.

16